**OHIO NATIONAL BANK OF COLUMBUS v BOONE et**

Ohio Appeals, 2nd Dist, Franklin Co

No 3312. Decided Feb 21, 1941

Pretzman & Dillon, Columbus, for defendant-appellant, Louis M. Drennan.

Wilson & Rector, Columbus, for defendant-appellant, Helen Bright Boone.

Griffith & Griffith, Columbus, for defendant-appellee, Elsie Bright.

Wilbur E. Benoy, Columbus, and John W. D. Moore, Columbus, for defendants-appellees. Martha S. Pittman, Tom Pittman and Cleone Hawkins.

H. Leonard DeKalb, Lewiston, Montana, of counsel.

## OPINION

By GEIGER, PJ.

This case is before us on appeal from a judgment of the Probate Court of Franklin County entered November 6, 1940.

Helen Bright Boone, one of the defendants in the Probate Court gave notice of her intention to appeal on questions of law to the Court of Appeals of Franklin County, Ohio, from this judgment.

Louise M. Drennan, one of the defendants, likewise gave notice of appeal to the Court of Appeals upon questions of law from the same judgment, "determining the heirs of George W. Bright, deceased, and construing the last will and testament of George W. Bright."

In this Court a motion is filed by counsel for Tom Pittman and Cloene Hawkins, for an order dismissing the attempted appeal of the appellants for the reason "that the second paragraph of §10501-56 GC, under which this appeal is attempted, is in contravention of the Constitution and this Court has no jurisdiction to entertain the same."

The statute in question, which is asserted to be unconstitutional, was passed as an amendment to the original §10501-56, effective June 26, 1939. In commenting upon the statute we will indicate what we think are important provisions by proper emphasis.

The present statute is captioned, "Cases Appealable from Probate Court to Court of Appeals; Appeal to Common Pleas Court, When." It provides, in substance, that an appeal on questions of **law and fact** may be taken to the **Court of Appeals** in all cases in which the Court of Appeals has appellate jurisdiction, provided by law for prosecution of such appeals from the Common Pleas Court to the Court of Appeals. The cause so appealed shall be tried and decided in the Court of Appeals in the same manner as such appeals from the Court of Common Pleas are tried, etc. From any final order of the Probate Court, an appeal on **questions of law** may be prosecuted to

the Court of Appeals in the manner provided by law for the prosecution of such appeals from the Court of Common Pleas to the Court of Appeals. For the purpose of prosecuting appeals on questions of law, and of law and fact from the Probate Court, the Probate Court shall hereafter be deemed to be exercising judicial functions **inferior only** to the Court of Appeals and the Supreme Court. If, for any reason, a **record has not been taken at the hearing** of any matter before the Probate Court so that a bill of exceptions or complete record may be prepared as provided by law in Courts of Common Pleas, then an appeal on questions of law and fact may be taken to the Court of Common Pleas by a person against whom it is made from any judgment of the Probate Court in the manner provided by law for the prosecution of such appeal from the Court of Common Pleas to the Court of Appeals.

The "COMMENT" following the amended statute probably presents the question now for our decision in as concise a form as may be done, and we suggest its reading, with citations.

Counsel filing the motion to dismiss claim that §10501-56 GC, as now effective, contravenes the Constitution in that it is not of uniform operation. They point to the fact that the predecessor of this statute was held unconstitutional in the case of **Squire v Bates, 132 Oh St 161**, and for the same reason they assert that this section likewise contravenes the Constitution; that the jurisdiction of the two courts involved is a matter of general nature and as such must have uniform operation. They rely largely upon **Squire v Bates, 132 Oh St 161**, supra. They also cite with confidence **Wallace v Leiter, 76 Oh St 185**, and **Kelly v State, 6 Oh St 270**.

On the other hand, counsel for appellants assert that the motion to dismiss should be denied for the reason,

(1) All parts of the statute are of uniform operation as to all persons upon whom it is designed to operate.

(2) That if there be a classification, the same is not arbitrary or unreasonable.

(3) Even though it should be held that the latter part of the statute is invalid, it is separable from the rest of the statute.

(4) That the instant case is not comprehended by the portion of the statute assailed because there is a complete record and bill of exceptions and the question presented is purely one of law.

(5) That the appeal is good under §12223-1 GC.

The former statute was attacked in the case of **Squire v Bates, 132 Oh St 161**, and held to be unconstitutional for the reasons disclosed in the decision. In examining this opinion, we must keep constantly in mind the reasons given by the Court for declaring it unconstitutional. The court first holds that the settlement of the account of a testamentary trustee is not a chancery case and not appealable as such from the Probate Court to the Court of Appeals. The present action in the Probate Court is not a chancery case. The appeal of all parties is on questions of law. The Court in the Squire case held that §10501-56 GC, authorizing appeals from the Probate Court to the Common Pleas Court and §10501-62 GC, **prohibiting** appeals to the Court of Common Pleas and **permitting** appeals to the Court of Appeals are related and must be read together and are laws of a general nature. The basis of the decision was that since all the judges of the Probate Courts do not have qualifications provided by law for judges of the Courts of Common Pleas, the operative effect of the section creates a condition whereby appeal from the Probate Court to the Court of Common Pleas is the only allowable procedure in some counties, while the appeal from the Probate Court to the Court of Appeals is essential in others, and that §10501-62 GC was unconstitutional. This section has been repealed and is not now on the statute books, but the present attack upon §10501-56 is made

by virtue of the decision above alluded to.

We think that the question presented and decided in the Squire case does not require us to hold that the present section is unconstitutional.

The present case is not one involving a question of law and fact, nor is the appeal made upon that ground, so that the first paragraph of the section has no application. The next paragraph relates to an appeal on questions of law but provides that it may be prosecuted to the Court of Appeals in the same manner as appeals from the Court of Common Pleas. It also provides that for the purpose of prosecuting appeals on questions of law and of law and fact from the Probate Court, the Probate Court shall be deemed to be exercising judicial functions inferior to the Court of Appeals and the Supreme Court. This would indicate a legislative intent to eliminate an appeal from the Probate Court to the Court of Common Pleas but the section further provides that if, for any reason, a record has not been taken at the hearing before the Probate Court so that a bill of exceptions may be prepared as provided in Courts of Common Pleas, then an appeal on questions of law and fact may be taken to the Common Pleas Court.

The provision is that on an appeal from the Probate Court on questions of law the same shall be directly to the Court of Appeals, but that on questions of law and fact, where no record is made or can be made in the Probate Court, then the appeal on questions of law and fact may be taken to the Common Pleas Court.

We are not of the opinion that there is a failure of uniformity in the operation of the statute.

In the case of **Steele v Miller, 92 Oh St 115**, it is held that a statute is general and uniform within the requirement of the Constitution if it operates equally upon every person and locality within the circumstances covered by the act and when the classification has a reasonable basis it is not invalid merely because not made with exact-ness or because it may result in some inequality. The provisions of the statute "operate equally upon every person and locality within the circumstances covered by the act" and have a reasonable basis for any distinction made.

The law is well settled that a statute may be invalid in part by reason of some provision being repugnant to the Constitution and valid as to the residue where it appears that the invalid part is an independent provision, not in its nature and connection essential to the other parts of the statute, nor so related to the general purpose of the enactment as to warrant the conclusion that the Legislature would have refused to adopt it with the invalid part stricken out. **State ex Realty Company v Zangerly, 135 Oh St 533.**

Counsel for the movants have emphasized the portion of the statute requiring the Court's consideration and assert that that portion of the last paragraph providing that "if for any reason a record has not been taken, etc., then an appeal on questions of law and fact may be taken to the Common Pleas Court" and the remaining portion of the statute can not be enforced independently of that asserted by them to be unconstitutional without doing violence to the legislative intent.

We do not believe that the passage of the act was at all dependent upon the provision now claimed to make the act unconstitutional, and therefore we may hold the remaining part of the act valid, even though the portion attacked may be held to be invalid, which we do not now hold.

In the instant case there is filed with the papers a bill of exceptions purporting to contain all the evidence taken in the Court of Common Pleas and the appeal is on questions of law, and as a consequence, the movants may not take advantage of a situation that does not exist but which, if it did exist, might render the act unconstitutional.

The appellants have complied with all the provisions covering appeals as provided by §12223-1 GC et seq, and we

are loathe to dismiss their appeal for the alleged unconstitutionality as claimed by the claimant in the motion.

Motion to dismiss appeal overruled.

BARNES & HORNBECK, JJ., concur.