*25
 
 Weygandt, C. J.
 

 The single question requiring consideration in this case at this time is a procedural one.
 

 Did the plaintiff administratrix have a period of twenty days within which to file her notice o£ appeal to the Court of Common Pleas from the Probate Court? Or was she limited to ten days?
 

 This controversy arises from the simultaneous amendment of several procedural statutes as of June 26,1939 (118 Ohio Laws, 78). Prior to that date Section 12223-7, General Code, read in part as follows:
 

 “The period of time after the entry of the order, judgment, decree, or other matter for review within which the appeal shall be perfected, unless otherwise provided by law, is as follows:
 

 “1. In appeals to thé Supreme Court, to Courts of Appeals, or from Municipal Courts and from Probate Courts to Courts of Common Pleas, within twenty (20) days. * * *
 

 “2. In all other appeals, within ten (10) days.”
 

 In its amendment the General Assembly elided the phrase “and from Probate Courts.” If this were the only change, the remaining, general ten-day provision would seem to solve the problem. However, at the same time Section 10501-56, General Code, was amended to provide for appeals from the Probate Court to the Court of Appeals as well as to the Court of Common Pleas. With reference to the latter the section now reads in part as follows:
 

 “If, for any reason, a record has not been taken at the hearing of any matter before the Probate Court so that a bill of exceptions or a complete record may be prepared as provided by law in Courts of Common Pleas, then an appeal on questions of law and fact may be taken to the Court of Common Pleas by a person against whom it is made, or whom it affects, from any order, decision, or judgment of the Probate Court in the manner provided by law for the prosecution of such appeal from the Court of Common Pleas to
 
 *26
 
 the Court of Appeals. The Court of Common Pleas shall advance said matter for hearing.”
 

 It is apparent that the phrase “in the manner provided by law for the prosecution of such appeal from the Court of Common Pleas to the Court of Appeals” must be construed as a direct reference to paragraph 1 of Section 12223-7,
 
 supra,
 
 which still provides a period of twenty days within which a notice of appeal from the Court of Common Pleas to the Court of Appeals may be filed. The defendant contends that such a construction disregards the fact that the phrase “and from Probate Courts” is no longer a part of that paragraph. The plaintiff concedes that the elimination of these words was “unnecessary and confusing” but is of the opinion that this action probably was taken for the purpose of avoiding a useless repetition of the new language of Section 10501-56. In any event, a careful study of these and related sections has convinced this court that mere inference as to the omission should not be indulged to the extent of defeating the clearly expressed purpose of the new language.
 

 The Court of Appeals was correct in reversing the judgment of the Court of Common Pleas and remanding the case to the latter court for consideration of the substantive questions presented.
 

 Judgment affirmed.
 

 Turner, Wiluiams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.