KLINE, APPELLANT, *v.* KLINE, ADMR., ET AL., APPELLEES.

(No. 3905—Decided June 22, 1942.)

*Mr. Raymond L. Green* and *Mr. Charles K. Woolner,* for appellant.

*Mr. Stephen A. Fazekas,* for appellees.

OVERMYER, J. This proceeding arose in Probate Court where the appellant here had filed exceptions to the inventory filed in that court by the administrator of the estate of Jennie D. Kline, deceased. On the hearing of the exceptions, at which no record was made, the court overruled the exceptions, from which order the exceptor appealed to the Common Pleas Court on questions of law and fact. In that court a motion to dismiss the appeal was filed and sustained. From that order an appeal on questions of law is here prosecuted.

The Common Pleas Court based its order, properly so, upon the authority of the decision and opinion of this court in the case of *State, ex rel. Ellis,* v. *McCabe,* unreported, decided March 10, 1941. That decision was reviewed by the Supreme Court in *State, ex rel. Ellis,* v. *McCabe,* 138 Ohio St., 417, 35 N. E. (2d), 571, and was reversed, not however, on the question of the constitutionality of the latter part of the appeal statute upon which this court's opinion and discussion was based, *viz.,* Section 10501-56, General Code (118 Ohio

Laws, 78), but upon the ground that an appeal on questions of law from the order of the Common Pleas Court to the Court of Appeals would have been the proper remedy to employ, instead of seeking a writ of prohibition.

The decision of this court in the *Ellis case* on the constitutionality of the latter part of the statute referred to is here challenged, and it is contended that the Supreme Court has held, in *Ohio National Bank, Trustee,* v. *Boone,* 138 Ohio St., 629, 37 N. E. (2d), 544, at least inferentially, that said statute is constitutional. The *Boone case, supra,* came to the Supreme Court from the Court of Appeals of the Second Appellate District, and the appellate court's decision and opinion is reported in *Ohio Natl. Bank of Columbus* v. *Boone,* 33 Ohio Law Abs., 555, 35 N. E. (2d), 893. In the *Boone case* a record was made in the Probate Court, and the appeal on questions of law was taken directly to the Court of Appeals. The Probate Court being a court of record, this procedure was permissible and proper and has been so. In that case, therefore, the question made here and decided by this court in the *Ellis case* was not before the court.

This court has not found fault with the part of the section involved in the *Boone case* or with the procedure there approved. When the Supreme Court, therefore, dismissed the appeal in the *Boone case, supra,* upon the ground that "no debatable constitutional question" was involved, it was, of course, referring to the first part of the second paragraph of Section 10501-56, General Code, and not the last part of that paragraph, for that part of the paragraph was not involved.

In the *Ellis case, supra,* the last part of that paragraph was the one held by this court to be unconstitutional, for the reasons stated in that opinion. That had been an appeal on questions of law and fact from

the Probate Court to the Common Pleas Court. No record had been made in the Probate Court. The situation is the same in the instant case. We cannot consider the *Boone case* as requiring a different conclusion by this court in the instant case from our former conclusion in the *Ellis case.*

Appellant refers to language appearing in the Supreme Court opinion in the *Ellis case, supra,* at page 419, as follows:

"In the instant case it is conceded that the above-quoted provisions of Section 10501-56, General Code, [*viz.,* "If, for any reason, a record has not been taken at the hearing of any matter before the Probate Court so that a bill of exceptions * * *."] *if constitutionally valid,* clearly empowers the Court of Common Pleas * * *." (Italics ours.)

Appellant also refers to the case of *In Matter of Estate of Knechtges* v. *Lorain County Savings & Trust Co.,* 138 Ohio St., 24, 32 N. E. (2d), 410, wherein the only question involved and decided was the time within which an appeal from a Court of Probate to a Court of Common Pleas is to be filed.

Appellant concedes that the question here involved was definitely not decided in either of those cases.

From the foregoing it is apparent that we do not consider the decision of this court in the *Ellis case* to be in conflict with the decision of the Second Appellate District Court of Appeals in the *Boone case,* and that appellant's request for certification as in conflict will therefore be denied.

The judgment of the Court of Common Pleas in sustaining the motion to dismiss the appeal in this case is affirmed and the cause remanded for execution for costs.

*Judgment affirmed and cause remanded.*

LLOYD and CARPENTER, JJ., concur.