The judgment of the lower court is therefore affirmed.

*Judgment affirmed.*

LIEGHLEY, P. J., and MORGAN, J., concur.

IN RE ESTATE OF MAGDZICKI.

(No. 3924—Decided December 21, 1942.)

*Mr. Stanley A. Grzezinski* and *Messrs. Hackett & Lynch,* for appellant.

*Mr. LaDow Johnston* and *Messrs. Yager, Bebout & Stecher,* for appellees.

Lloyd, J. On November 1, 1940, letters of administration upon the estate of Kazemierz Magdzicki were issued to Walter Serzyski, who was not related to the decedent. It was not then known that any heirs survived him. The estate was inventoried as of the value in personal property of $10,000. On December 31, 1940, on the motion of the consul of the Republic of Poland, application for the appointment of the administrator was amended to recite therein the names of two alleged sisters of the decedent—Rosalia Dembenska and Juljana Hamernik—said to be residents of Poland. Thereafter Amelia Serzyski, mother of the administrator, presented to the administrator a claim against the estate of the decedent in the amount of $1,872, which, because of their relationship, he desired to avoid either allowing or rejecting. Thereupon, by agreement between them, the Probate Court ordered that the propriety and validity of the claim be referred to arbitrators who, after consideration thereof, found the claim valid to the extent of $1,456. Upon motion of the administrator, the court approved the finding and ordered the claim, as found by the arbitrators, "to be paid out of the assets of the estate." A motion of the consulate of the Republic of Poland to vacate and set aside the award and the confirmation thereof being overruled, the movant filed a notice of appeal on questions of law to the Court of Common Pleas from the order and judgment of the Probate Court.

Thereupon Amelia Serzyski filed a motion in the Court of Common Pleas to dismiss the appeal. This motion was granted, and the consulate of the Republic of Poland now appeals to this court on questions of law from this judgment of dismissal.

The hearing before the arbitrators was held in the office of the attorney of the administrator. The evidence there submitted was not transcribed and no bill

of exceptions was prepared or filed on the appeal to the Court of Common Pleas and the appellant contends that the dismissal by the Court of Common Pleas on the appeal thereto on questions of law and fact from the order and judgment of the Probate Court was erroneous and prejudicial because in contravention of Section 10501-56, General Code. This court has twice decided otherwise. First, in *State, ex rel. Ellis,* v. *McCabe,* unreported, and, secondly, in *Kline* v. *Kline, Admr.,* 71 Ohio App., 182. In the *Ellis case* a writ of prohibition was sought and the judgment of this court was reversed by the Supreme Court solely on the ground that the proper remedy to have invoked was an appeal to the Court of Appeals on questions of law instead of seeking a writ of prohibition. (*State, ex rel. Ellis,* v. *McCabe et al., Judges,* 138 Ohio St., 417, 35 N. E. [2d], 571). As said in the *Kline case,* that court did not reverse the judgment on the question here presented, *viz.,* the constitutionality of that portion of Section 10501-56, General Code, which this court in those cases decided was unconstitutional. To these decisions, therefore, this court adheres and the judgment of the Court of Common Pleas dismissing the appeal thereto from the Probate Court is affirmed.

There may well be an additional reason for the action of the Court of Common Pleas in granting the motion of the administrator to dismiss the appeal thereto from the Probate Court. The consul, of course, was the representative authorized by law to do whatever by statute was permitted to protect the interest of the heirs of the decedent, limited to the statutory remedy which they were authorized to pursue, and it would seem that the procedure to follow would have been that authorized by Section 10509-135, General Code.

The consul not having been a party to the arbitration proceedings, the order and judgment of the Pro-

bate Court with respect thereto was not such an order or judgment as would permit an appeal therefrom by him. *Harrison* v. *Public Utilities Commission,* 134 Ohio St., 346, 16 N. E. (2d), 943.

*Judgment affirmed.*

OVERMYER and CARPENTER, JJ., concur.