Matthias, J.
 

 The single question presented is the constitutionality of the following provision contained in Section 10501-56, General Code (119 Ohio Laws, 396):
 

 “* * * If, for any- reason, a record has not been taken at the hearing of any matter before the .Probate Couft so that a bill of exceptions or a complete record may be prepared as provided by law in Courts of Common Pleas, then an appeal on questions of law and fact may be taken to the Court of Common Pleas by a person against whom it is made, or whom it affects, from any order, decision, or judgment of the Probate Court in the manner provided by law for the prosecution of such appeal from the Court of Common Pleas to the Court of Appeals.”
 

 This provision is challenged as unconstitutional on the ground that it is violative of Section 26 of Article II of the state Constitution, which requires that “All laws, of a general nature, shall have a uniform operation throughout the state” and also violative of Section 6, Article IV, which provides that “The Courts of Appeals shall have # * * appellate jurisdiction m the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the Courts of Common Pleas, superior courts and other courts of record within the district as may be provided by law.”
 

 The question before the Probate Court in this case related to exceptions to the inventory and appraisement filed by an executor. It is not a chancerv case..
 
 *624
 
 If there had previously been any basis for controversy relative thereto, it was definitely determined by the decision of this court in the case of Squire,
 
 Supt. of Bks.,
 
 v. Bates, 132 Ohio St., 161, 5 N. E. (2d), 690, where it is held in the first proposition of the syllabus as follows:
 

 “The settlement of the account of a testamentary trustee in the Probate Court is not a chancery case and hence not appealable as such from the Probate Court to the Court of Appeals.”
 

 That case involved the constitutionality of Section 10501-62, General Code, which was there held to be unconstitutional for the reason that it was a general law not having uniform operation throughout the state and therefore contravened the provisions of Section, 26, Article II of the state Constitution. That statutory provision was as follows:
 

 “If a judge of a Probate -Court who has the qualifications provided by law for judges of the Court of Common Pleas, provides for the taking of a complete record at any hearing upon any matter before such Probate Court so that a bill of exceptions, or a complete record, may be prepared as provided by law in Courts of Common Pleas, there shall be no appeal to the Court of Common Pleas, in any such case; but an appeal may be prosecuted to the Court of Appeals in' all matters within its jurisdiction in the manner provided by law for the prosecution of other appeals to said court.”
 

 The effect of this provision was to make the jurisdiction of the Court of Common Pleas of a particular county in certain matters dependent upon whether the Probate Judge in such county had the qualifications provided by law for judges of the Court of Common Pleas. Such effect is more fully stated in the opinion of Judge Zimmerman in that case as follows:
 

 “In Section 10501-62 we have an enactment which affects the separate Probate Courts of Ohio and makes
 
 *625
 
 appeal therefrom primarily dependent upon the prescribed qualification of the particular probate judge in the particular county at a particular time. Its operative effect, which after all is controlling, is that, on matters of identical character, an appeal to the Court of Common Pleas is the only authorized procedure in some counties, while in others an appeal directly to the Court of Appeals is necessary, thus ignoring the Court of Common Pleas altogether and denying it jurisdiction. This situation involves the appellate jurisdiction of two constitutional courts which are present in every county of the state, and makes of Section 10501-62 a law of ‘a general nature.’ Its lack of ‘uniform operation’ is demonstrated by the results of its application.”
 

 The operative effect of the provision there under consideration was, as stated in the syllabus, that it ‘ ‘ creates a condition whereby appeal from the Probate Court to the Court of Common Pleas is the only allowable procedure in some counties, while appeal from the Probate Court to the Court of Appeals is essential and exclusive in others.”
 

 It was therefore entirely clear that such statutory provision did not have uniform operation throughout the state.
 

 The instant case presents quite a different situation. Let it be borne in mind that we are here dealing primarily with the question of the jurisdiction of the Court of Common Pleas. Section 4 of Article IV of the state Constitution provides:
 

 “The jurisdiction of the Courts of Common Pleas, and of the judges thereof shall be fixed by law.”
 

 The contention that the statutory provision in question is not of uniform operation is based upon the fact that there are some counties in which the judge of the Court of Common Pleas is also the judge of the Probate Court. There are at this time three such counties where, by vote of the people under authority of
 
 *626
 
 the constitutional provision relating thereto, the Probate Court has been combined, with the Court of Common Pleas. Section 7 of Article IV of the state Constitution authorizes the submission to the electors in counties having less than 60,000 population the question of combining the .Probate Court with the Court of Common Pleas and provides that “such courts shall be combined and shall be known as the Court of Common Pleas in case a majority of the electors voting upon such question vote in favor of such combination. ’ ’
 

 It is to be observed that to all intents and purposes these courts, when combined, become the Court of Common Pleas. The legislative act in question has application only to proceedings from Probate Courts as such to the Court of Common Pleas. Hence it does have a uniform effect and operation throughout the state for the reason.that it relates only to proceedings in appeal and has a like application to proceedings in and appeal from all Probate Courts of the state. It is only where the Probate Court has become and is “known as the Court of Common Pleas” that the statutory provision in question is not and cannot be applicable. As to those courts, the provisions of Section 10501-50, General Code, apply. That section provides as follows:
 

 “When the Probate Court and the Court of Common Pleas have been combined there shall be established in the Court of Common Pleas a probate division and all matters whereof the Probate Court has jurisdiction by law shall be filed in and separately docketed in said probate division, and the resident judge of the Court of Common Pleas shall appoint the necessary deputies, clerks and assistants to have charge of and perform the work incident to the probate division. Appeal on questions of law may be prosecuted from said probate division to the Court of Appeals in all cases where the same lie to the Court of Common Pleas in counties where such courts have not
 
 *627
 
 been combined. Appeal on questions of law and fact may be taken from said probate division to tbe Court of Appeals in all chancery cases.”
 

 The statutory provision now under consideration does not have the effect of conferring jurisdiction upon the Common Pleas Court in some counties and peremptorily withholding it in other counties. Under such provision the jurisdiction of the Common Pleas Court is uniform — the same in every county in the • state. Section 10501-56, General Code, provides in very plain and simple language' that when no record is made
 
 in the Probate Court
 
 “an appeal on questions of law and fact
 
 may be
 
 taken to the Court of Common Pleas by a person against whom it is made, or whom it affects.” (Italics ours.)
 

 It is to be observed, also, that the legislation involved in the present controversy provides merely an optional method of procedure to be pursued by a litigant.
 

 Appeal is thereby authorized to the Court of Common Pleas under the conditions therein prescribed, but the jurisdiction of the Court of Appeals as conferred by the Constitution is in nowise restricted or modified.
 

 The general statutory provision which refers to the Probate Court as “exercising judicial functions inferior only to the Court of Appeals and the Supreme Court” is limited by the specific provision here under consideration which was enacted at the same time and is contained in the same section. (118 Ohio Laws, 78.)
 

 Being of opinion that the Court of Appeals was correct in its conclusion that the statutory provision under consideration is not violative of either Section 26 of Article II or,Section 6 of Article IY of the state Constitution, its judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Hart, Zimmerman, Bell and Williams, JJ., concur.
 

 Turner, J., concurs in the judgment.