IN RE ESTATE OF SCHNEIDER: SCHNEIDER, APPELLANT, *v.* RODGERS ET AL., APPELLEES.

(No. 20374—Decided February 17, 1947.)

234

*Messrs. Woodle & Wachtel,* for appellant.
*Mr. Paul Mancino,* for appellees.

HURD, J. This case originated in the Probate Court
of Cuyahoga county and is now before this court on an
appeal on questions of law from an order of the Com-
mon Pleas Court wherein that court dismissed an ap-
peal on questions of law and fact taken from such Pro-
bate Court.

The facts which are not in dispute are as follows:

"Anna Schneider, the decedent herein died a resi-
dent of the city of Cleveland on June 25, 1942. She
was survived by her husband, John Schneider, who
filed, with the Probate Court of Cuyahoga county, an
application for letters of administration which was
heard and granted on July 16, 1942, and letters of ad-
ministration were issued to him on that date.

"John Schneider was the second husband of the de-
cedent and a controversy arose between him, as ad-
ministrator of his wife's estate, and the appellees
herein, who are the children of the deceased wife of
her former husband. As the result of that contro-
versy, two lawsuits were filed in the Court of Common
Pleas of Cuyahoga county in 1942 against the appel-
lees herein as defendants, by John Schneider, as ad-
ministrator of his wife's estate. Those cases are still
pending in the Court of Common Pleas and have never
been brought to trial.

"John Schneider died on December 29, 1943. He
was survived by two children, one of whom is Frank
P. Schneider, the appellant herein.

"Thereupon Frank P. Schneider, who had acquired
by inheritance a part of the interest of his father,
John Schneider, in the estate of Anna Schneider, de-
ceased, filed an application in the Probate Court on

November 8, 1944, for letters of administration *de bonis non.*

"The transcript of proceedings before this court discloses the following entry in the journal of the Probate Court:

" 'November 20, 1944. To court: On this 20th day of November, 1944, this case came on to be heard on the application of Frank P. Schneider to be appointed administrator *de bonis non* of the estate of Anna Schneider, deceased, late of the city of Cleveland in this county. Whereupon, the court having considered the said application and being fully advised in the .premises, orders that the application of the said Frank P. Schneider be and it is hereby refused.'

"Thereafter, upon the appeal being assigned for hearing in the Common Pleas Court, the trial judge dismissed the appeal on the ground that the court did not have jurisdiction to entertain the same and thereupon entered judgment for the appellees and it is from this judgment that an appeal is taken."

The single question presented involves the construction and application of the following provision contained in Section 10501-56, General Code:

"If, for any reason, a record has not been taken at the hearing of any matter before the Probate Court so that a bill of exceptions or a complete record may be prepared as provided by law in courts of common pleas, then an appeal on questions of law and fact may be taken to the Court of Common Pleas by a person against whom it is made, or whom it affects, from any order, decision, or judgment of the Probate Court in the manner provided by law for the prosecution of such appeal from the Court of Common Pleas to the Court of Appeals."

This provision has had considerable attention from our courts on the question of constitutionality. In

three separate cases it was declared unconstitutional. See *State, ex rel. Ellis* v. *McCabe et al., Judges* (Court of Appeals, Sixth Appellate District, unreported), reversed on other grounds in *State, ex rel. Ellis,* v. *McCabe et al., Judges,* 138 Ohio St., 417, 35 N. E. (2d), 571. See, also, *Kline* v. *Kline, Admr.,* 71 Ohio App., 182, 48 N. E. (2d), 875, and *In re Estate of Magdzicki,* 71 Ohio App., 282, 49 N. E. (2d), 205.

However, the constitutionality of this provision was settled by the Supreme Court in a unanimous decision on March 8, 1944, in the case of *In re Estate of Bates,* 142 Ohio St., 622, 53 N. E. (2d), 787, the syllabus of which is as follows:

"The provision of Section 10501-56, General Code (119 Ohio Laws, 396), that: 'If, for any reason, a record has not been taken at the hearing of any matter before the Probate Court so that a bill of exceptions or a complete record may be prepared as provided by law in Courts of Common Pleas, then an appeal on questions of law and fact may be taken to the Court of Common Pleas by a person against whom it is made, or whom it affects, from any order, decision, or judgment of the Probate Court in the manner provided by law for the prosecution of such appeal from the Court of Common Pleas to the Court of Appeals,' is not violative of either Section 26 of Article II, or Section 6 of Article IV of the state Constitution."

This section applies even though the case. so appealed is not a chancery case. See page *623 et seq.*

The question of constitutionality having thus been definitely settled, we have now to consider only the procedural difficulties presented by the issues in the instant case.

Counsel by way of brief state that it is somewhat remarkable that in spite of the fact that the foregoing section has been in effect since August 22, 1941, the

procedural questions therein presented, which are of far-reaching importance to the bench and bar, have not heretofore been raised and there appears to be no precedent for their solution.

It is the contention of the appellant that compliance with this section of the General Code entitled him to proceed to the Common Pleas Court with an appeal on questions of law and fact. The appellees argue that such section "clearly provides that, first, if a bill of exceptions cannot be prepared, or, secondly, if a complete record cannot be prepared, then the party aggrieved may take an appeal to the Court of Common Pleas as provided by law."

We cannot agree with the appellees' contention in this respect. There is nothing ambiguous about the provision. All that is necessary in construing the section is to give to the words used by the Legislature their plain and ordinary meaning. The language of the statute is plain and simple. We see no reason for any strained or tortuous interpretation and no reason to read into the statute words that are not there.

The proposition was well stated by Matthias, J., in his opinion in *In re Estate of Bates, supra,* at page 627, where he said:

"Section 10501-56, General Code, provides in very plain and simple language that when no record is made *in the Probate Court* 'an appeal on questions of law and fact *may be* taken to the Court of Common Pleas by a person against whom it is made, or whom it affects.'

"It is to be observed, also, that the legislation involved in the present controversy provides merely an optional method of procedure to be pursued by a litigant.

"Appeal is thereby authorized to the Court of Common Pleas under the conditions therein prescribed,

but the jurisdiction of the Court of Appeals as conferred by the Constitution is in nowise restricted or modified.''

In an appeal to the Court of Common Pleas from the Probate Court, the jurisdiction of the Common Pleas Court is properly invoked by the filing of a notice of appeal in accordance with Section 12223-4, General Code,. which provides as follows:

''The appeal shall be. deemed perfected when written notice of appeal shall be filed with the lower court * * *. After being duly perfected, * * * no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional.''

Further, the use of the words, ''bill of exceptions or a complete record,'' must mean a transcribed record of the proceedings in the Probate Court, thus granting the right, to a party aggrieved, to invoke the jurisdiction of the Court of Common Pleas, where a record may be taken, after which appeal may be taken to the Court of Appeals by any party on the basis of such record and the judgment of the Court of Common Pleas rendered therein. It is the *fact* that a record was *not taken* which gives right to the person aggrieved, rather than what could have been done. Therefore, Section 10501-56, General Code, does not require a party to prepare a narrative bill of exceptions, as contended by the appellees.

In the case of *In re Estate of Long,* 76 Ohio App., 321, 64 N. E. (2d), 261, the converse of the situation here presented was before the court, the syllabus being as follows:

''When a record has been taken on a hearing in Probate Court, under Section 10501-56, General Code, an appeal on questions of law and fact to the Court of Common Pleas does not give that court jurisdiction of the cause and the appeal must be dismissed.''

At page 322, Carpenter, J., speaking for the court said:

"In this case, *a record was taken and a complete bill of exceptions was filed* in the Probate Court by the administratrix. Such being the record, the court did not err when it dismissed the appeal, and its judgment is affirmed." (Italics ours.)

In the instant case no such showing is made. Nowhere in the proceedings, either in the Probate Court or the Common Pleas Court does it appear that a record was taken in the Probate Court. On the contrary, it is conceded by all parties to this appeal that a record was not taken—rather it is argued that a record could have been taken and for this reason a right of appeal does not lie. We do not so read the statute. But, if such an admission were not made, it is our view that, inasmuch as the record of the proceedings in the Probate Court before us shows conclusively that all procedural steps required by Section 12223-4, General Code, were taken, the Court of Common Pleas, under Section 10501-56, General Code, acquired jurisdiction for all purposes and could not be ousted of such jurisdiction unless and until there was affirmative evidence showing a lack of jurisdiction.

The provisions of Section 10501-56 were enacted to enable a party, who feels aggrieved by a judgment or final order of the Probate Court where no record was taken, to make a record in a trial *de novo* in the Common Pleas Court. Frequently hearings in Probate Court are, of necessity, of a more or less informal nature. Court reporters are not assigned to the court to take records of all proceedings, as is true in the Common Pleas Court. It would be unduly burdensome to require parties to have a record made in every one of the great number of proceedings that daily take place in the Probate Court.

This section provides an optional method of procedure which may be pursued by a litigant. With the wisdom of such provision we are not concerned. The duty of courts in such cases is *"jus dicere, et non jus dare"*—to interpret the law rather than to make the law.

We conclude, therefore, that the Court of Common Pleas was in error in granting the appellees' motion to dismiss the appeal in this case. The judgment of the Common Pleas Court is, therefore, reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed.*

SKEEL, J., concurs.

MORGAN, J., dissenting. No bill of exceptions was filed in this case. After the case had been called for trial in the Common Pleas Court, the defendant moved the court to dismiss the case for the reason that "this court has no jurisdiction to entertain the same." The judgment of the trial court is as follows:

"This cause came on for hearing upon the appeal of the appellant to this court from the decision rendered by the Probate Court of Cuyahoga county Ohio, upon questions of law and fact. Upon motion made by the appellees that said appeal be dismissed for the reason that this court has no jurisdiction to entertain the same, said motion is well taken and the appeal of the appellant upon questions of law and fact to this court from the decision rendered by the Probate Court of Cuyahoga county dismissing the application of Frank P. Schneider for appointment as administrator *de bonis non* is hereby dismissed and judgment entered for the appellees herein."

The above judgment is a finding that the Common

Pleas Court had no jurisdiction to entertain the case. In the absence of a bill of exceptions, that finding cannot be challenged, and we must conclude that the Common Pleas Court had before it facts which justified the finding.