**MILLER, Estate of, In re: MILLER, Appellee, v. BARBER et, Appellants, MILLER, Appellee.**

Ohio Appeals, Sixth District, Sandusky County.

No. 504. Decided June 14, 1955.

Leo W. Kenny, John D. Starn, Fremont, for appellants.
Young & Young, Norwalk, for appellee Mary Miller.
Hull & Hawk, Fremont, for appellee Lee C. Miller, Exr. etc.

(KOVACHY, PJ, SKEEL, J, HURD, J, of the Eighth District, sitting by designation in the Sixth District.)

## OPINION

Per CURIAM.

This cause has to do with the apportionment of $5250.00 which is part of the settlement of a wrongful death claim following the death of Perry Miller in an accident on September 14, 1951. The beneficiaries are the surviving spouse and three adult children. Those whose pecuniary interests were affected by the death of Perry Miller were unable to adjust their claims to the fund and the Probate Court of Sandusky County, upon having its jurisdiction invoked, divided the sum equally among them. The surviving spouse, Mary Miller, thereupon appealed to the Common Pleas Court on questions of law and fact and that Court,

after a trial de novo, awarded the entire sum to her. Two of the children, Ruth E. Barber and Mildred E. Cloud, filed this appeal from the judgment of the Common Pleas Court on questions of law.

Appellants claim that a motion, made by them in the Common Pleas Court to dismiss the appeal for want of jurisdiction, was erroneously overruled. The journal entry of the Probate Court recites with respect to the hearing there that "the same was submitted to the court without a record having been taken thereof."

It is well known that a probate judge hears many separate matters in the administration of an estate, despite the fact that the entire proceedings are recorded as one case under one number.

As the various facets of the case are brought to his attention, he becomes familiar with all of the factual aspects of the estate in relation to the different persons involved. He consequently is competent to decide questions presented to him without the necessity of a formal hearing and the taking or making of a record. That is what occurred in this matter before the Probate Court and as a result no bill of exceptions could be readied to appeal the judgment rendered directly to the Court of Appeals.

This is the very situation contemplated by the General Assembly of Ohio in enacting §2101.42 R. C. (§10501-56 GC). We hold, therefore, that the appeal on questions of law and fact to the Court of Common Pleas from the Probate Court was in accordance with the law applicable to the facts in respect of not taking a record in Probate Court, and that that Court had complete jurisdiction to entertain the cause and conduct a full hearing de novo to determine the issues involved. The motion to dismiss the appeal for lack of jurisdiction was properly overruled, and we, accordingly, affirm the same. **In re Estate of Schneider, 81 Oh Ap 233.**

Appellants assign as error the refusal of the trial court to receive in evidence the entire record of the administration of the estate in probate court. Clearly, such wholesale admission of records would bring into the evidence papers and documents wholly extraneous and foreign to the issues involved. We find no error in this regard.

The appellants complain that the trial court refused the son, Lee E. Miller, on cross-examination, to state whether his mother signed a deed to Don Young as Trustee to three parcels of real estate for his benefit. Since the son was testifying for the mother, appellee, it was proper for the appellants to attempt to show his interest or bias in the outcome of this lawsuit and not to permit an answer to the question propounded was error that was prejudicial to the substantial rights of the appellants. We likewise believe that the court was in error in not permitting Lee Miller, also on cross-examination, to answer the question whether he was in need of money. The testimony, however, by Ruth Barber, on direct examination, about property deeded to her by her father, was properly stricken from the record on the ground that such answer was self-serving and not the best evidence.

The appellants also say that the judgment and order was contrary to law. The record in this case discloses that Perry Miller and Mary Miller had extensive holdings separate and apart from each other. They

had separate sources of income independent of each other. Each paid the taxes and provided for the repairs for their separate properties; they also carried individual bank accounts in their own names and accounted to each other for advancements made by them back and forth.

The trial court awarded the entire sum to the widow on the theory that she was entitled to the care, support and services of her husband under the law. It is true the law presumes pecuniary injury to persons legally entitled to care and support from a decedent in an action for wrongful death. (Karr Admr. v. Sixt, 146 Oh St 527, parag. 4 of the syllabus.) But the evidence shows, under the peculiar facts and circumstances of this case, that no care and support was accorded to her and none, in fact, was expected or required by her from her husband. Her income was adequate for her needs, and such fact was fully appreciated by each. The presumption of law in that regard was thereby negatived by the facts. On the other hand, the record shows that the appellants were without money and living on a hand-to-mouth basis and that the father, during his lifetime, transferred certain real estate to them, recording the deeds, and later took the deeds back, which were not recorded, and permitted them to live on two of these properties rent free. It also appears that the executor of the estate in one case and Mary Miller in another case are demanding rent for the use of these homes from these appellants. Since, therefore, it is probable that they will be required to pay rent hereafter for the use of these homes, they have demonstrated that they have suffered a direct pecuniary loss through the death of their father and therefore, under the statute, qualify for participation in the fund. Moreover, the decedent left an estate worth around $190,000.00 of which 88% is real property. In his will he gave his widow a life estate in most of his real estate and upon her death devised the remainder over to his children. It seems evident, therefore, that in the main he converted the money in his hands into real property. From such state of affairs it can be established with reasonable expectancy that the widow as well as the children had prospects of benefitting from monies that he may have accumulated during the years of his life expectancy had he remained alive and that they suffered pecuniary injury in that respect by his premature death.

It is stated in Karr, Admr. v. Sixt, supra, in parag. 6 of the syllabus:

"The term 'pecuniary injury' as used in §10509-167 GC comprehends essentially injury measured by the prospective advantages of a pecuniary nature which have been cut off by the premature death of the person from whom they would have proceeded * * *."

In view of the above, the assignments of error that the judgment is contrary to law and against the weight of the evidence and that the trial court erred in overruling appellants' motion for a new trial are well taken and should be sustained. We hold, therefore, that the judgment is contrary to law and against the manifest weight of the evidence and that substantial justice has not been done the parties complaining.

The judgment in the Common Pleas Court consequently should be reversed and the cause remanded to that court for further proceedings according to law and not inconsistent with this opinion.

550

Reversed and remanded for further proceedings. Exceptions noted. Order see journal.

KOVACHY, PJ, SKEEL, J, HURD, J, concur.