In re Estate of Todd.*

(No. 1516—Decided May 16, 1957.)

Mr. *Clarence U. Ahl,* Messrs. *Myers & Spurlock* and Mr. *Edward H. Jones,* for appellant.

Messrs. *Scanlon & Berger* and Messrs. *Wiedemann & Wiedemann,* for appellee.

YOUNGER, J.  This case originated in the Probate Court of Crawford County and is now before this court on an appeal on questions of law from an order of the Common Pleas Court, wherein that court dismissed an appeal on questions of law and fact taken from the Probate Court.

From the evidence submitted at the hearing in the Common Pleas Court on the motion to dismiss the appeal, it appears that, at the trial before the Probate Court upon a charge of concealing or embezzling assets from an estate, the official reporter of the Common Pleas Court was employed by counsel for the estate—the appellee herein—to take the evidence submitted at the Probate Court hearing; that he took down in shorthand all oral testimony of the witnesses, the objections of counsel and the rulings of the court thereon, made a typewritten transcript of same, delivered the original to counsel who employed him, for which he was paid by such counsel; and that he sold a copy of such transcript to opposing counsel, that is, counsel for the appellant herein.  This reporter was not the official reporter for the Probate Court, was not appointed reporter for the case by journal entry of the Probate Court, was not employed by the

Probate Court in any manner, filed no transcript or delivered no transcript to the Probate Court, nor was there any per diem assessed as costs. The transcript, however, was certified to and signed by the reporter as "Official Court Reporter."

The person against whom the charge of concealing assets was filed died before the hearing was held, and her estate was also being administered in the Probate Court of Crawford County, and at the hearing there was introduced in evidence "the files and records" of both estates, together with a suitcase in which was an envelope containing United States government bonds of the face value of $17,050 and between 40 and 50 items consisting of necklaces, rings, bracelets, earrings, pins, etc., ranging in claimed value from a yellow gold Tiffany ring at $900 to some costume rings at $5 each, totalling $3,240. The evidence discloses further that the suitcase and contents were kept in a safety box at a local bank, the key to which had been left with the Probate Court Judge.

At the conclusion of the hearing in the Probate Court a finding was made and judgment entered against the appellant herein, he being the administrator and widower of the person against whom the original complaint for concealing was made. After furnishing bond, he appealed on questions of law and fact to the Common Pleas Court. That court dismissed his appeal, claiming lack of jurisdiction because in its opinion a record had been made in Probate Court and that the only appeal under such facts and the law was to the Court of Appeals.

With one exception, all appeals from the Probate Court, both on questions of law and fact and on questions of law, are, by the provisions of Section 2101.42, Revised Code, now taken directly to the Court of Appeals, and such appeals to the Court of Common Pleas have been abolished. This exception is provided in the same section and reads as follows:

"* * * If a record has not been taken at the hearing of any matter before the Probate Court so that a bill of exceptions may be prepared as provided by Sections 2321.02 to 2321.16, inclusive, of the Revised Code, then an appeal on questions of law and fact may be taken to the Court of Common Pleas * * *."

It is the contention of appellant that since the reporter who

took the testimony in the Probate Court was not the official reporter for that court, either by appointment under the provisions of Section 2101.08, Revised Code, or by journal entry for this particular case, was not under oath, made no delivery of his transcript to the court, was merely employed by one of the parties who paid him for his work, and since the transcript of the testimony and exhibits were not put in the form of a bill of exceptions and no bill of exceptions was ever settled or corrected and allowed by the trial judge, no record of the proceedings in the Probate Court was made according to law.

It may be technically and correctly stated that a record of a trial is not made until the bill of exceptions involved in the case is settled or corrected and allowed by the trial judge. Up until that time differences of opinion between counsel may exist as to what the bill of exceptions should or should not contain, and the state of the record as it would finally emerge would be unsettled.

It is also true that the Supreme Court of Ohio in deciding the constitutionality of former Section 10501-56, General Code, the predecessor of the section here under consideration and which also contained the word, "taken," said, in *In re Estate of Bates,* 142 Ohio St., 622, 53 N. E. (2d), 787:

"Section 10501-56, General Code, provides in very plain and simple language that when no record is *made in the Probate Court* 'an appeal on questions of law and fact *may be* taken to the Court of Common Pleas * * *.'

"* * * *

"It is to be observed, also, that the legislation involved in the present controversy provides merely an optional method of procedure to be pursued by a litigant." (Emphasis added in part.)

However, in this case we are required to construe the exception in Section 2101.42, Revised Code, as above set forth, and we are required to take into consideration the whole phrase involved and arrive at the intention of the Legislature in its enactment. This section does not say, "if no record is *made* in the Probate Court an appeal may be taken to the Common Pleas Court." It says, "if a record has not been *taken* at the hear-

ing * * * so that a bill of exceptions may be prepared." We do not believe the word "record" was used in its technical sense or as defined in Section 2323.24, Revised Code.

We hold that a "record has been taken" if the oral testimony produced was preserved by some means, either by longhand, stenographic notes, tape recording or other satisfactory media, so that its authenticity could be relied upon in preparing a transcript, and if the exhibits, stipulations, etc., introduced are identified and available so that a bill of exceptions could be prepared for settlement or correction and allowance by the trial judge, either by the performance of that duty voluntarily by the trial judge, or by mandamus, if necessary.

Unquestionably, in the case before us, all the necessary tools and material were on hand for the preparation of a bill of exceptions. Nothing further could have been done at the time of the hearing to secure a complete record. A full and complete bill of exceptions could easily have been prepared.

We agree with the Court of Appeals for Cuyahoga County in *In re Estate of Schneider*, 81 Ohio App., 233, at page 238, 72 N. E. (2d), 904, wherein it says:

"It is the *fact* that a record was *not taken* which gives right to the person aggrieved, rather than what could have been done. Therefore, Section 10501-56, General Code, does not require a party to prepare a narrative bill of exceptions, as contended by the appellees."

We realize that many of the hearings in a Probate Court are of necessity of a more or less informal nature, that in a great majority of those hearings no court reporter is present or available, and that a Probate Court Judge cannot be expected to remember the many details of those numerous daily transactions. We further realize the predicament counsel for an appellant from such a hearing is occasionally in, and that he should not be forced to guess whether to appeal to the Common Pleas Court, where he might be confronted with the opinion of that court that a record was taken, or to appeal to the Court of Appeals, where he might be confronted with the opinion of that court that no record had been taken. There can exist in some cases a reasonable doubt as to whether a record was actually taken from which a bill of exceptions could be prepared.

However, we are convinced that in the section under consideration the Legislature did not leave an appellant with an alternative to choose as he pleases whether to appeal to the Common Pleas Court or the Court of Appeals, and we are equally convinced that, under the facts as shown here, it was the intention of the Legislature that this appeal should have been direct to the Court of Appeals, and that, therefore, the Common Pleas Court was correct in its decision that it had no jurisdiction to entertain the appeal. Our duty is, therefore, *"jus dicere, et non jus dare"*—to interpret the law, and not to make it.

The judgment of the court below is, therefore, affirmed.

*Judgment affirmed.*

MIDDLETON, P. J., and GUERNSEY, J., concur.