Bond Issues — Political Activity — Classified Employee Classified employees may under 74 O.S. 818 [74-818] (1961), voluntarily work for or against the authorization of a bond issue in an election; however, their participation in such a nonpartisan election campaign must be on a strictly voluntary basis, that is, in view of the policy of the act to protect classified employees, their assistance must not be "volunteered" by the agency nor in any way coerced. The Attorney General has received your letter dated November 4, 1968, wherein you ask the following question: "May a classified employee actively work for the passage of a bond issue which has been referred to a vote of the people by the Oklahoma Legislature?" You state that ". . . several of the State agencies . . . have indicated their interest in providing persons, voluntarily, to work for passage of the bonds." The provision relative to your inquiry is the seventh paragraph of 74 O.S. 818 [74-818] (1961), which provides as follows: "No employee in the classified service shall be a member of any national, state or local committee of a political party, or an officer or member of a committee of a partisan political club, or a candidate for nomination or election to any paid public office, or shall take part in the management or affairs of any political party or in any political campaign, except to exercise his right as a citizen privately to express his opinion and to cast his vote." In Attorney General Opinion No. 67-155, also dealing with the above section it was determined that; 1) a classified employee may sign a referendum petition, and 2) a classified employee may participate in political activities by attending precinct meetings of political parties and by casting his vote for or against the persons or propositions presented, but may not serve as an officer, or otherwise take part in the management or affairs of a political party or partisan political club. The said opinion also overruled an opinion dated September 13, 1963, addressed to you as Director of the Oklahoma State Personnel Board concerning a classified employee signing a referendum petition; it also overruled, insofar as classified employee participation in precinct meetings is concerned, an opinion dated February 11, 1960, directed to the then State Senator George Miskovsky; and finally it in effect overruled an opinion dated September 13, 1960, directed to you concerning the signing of an initiative petition. The said Attorney General Opinion No. 67-155, is hereby affirmed. Among the cases discussed in previous opinions and mentioned by you in your letter are the following: State v. City of Cleveland, 33 Abs 557, 33 N.E.2d 35 (1940), and Heidtman v. City of Shaker Heights, 99 OA 415, 119 N.E.2d 644 (1954). The City of Cleveland case determined that classified civil service employees of the city could not participate actively in a bond issue election campaign under a provision of the city charter which provided; "No person in the classified service of the city shall act as an officer of a political organization or take part in a political campaign or service as a member of a committee of any such organization, or circulate or seek signatures to any petition provided for by primary or election laws, or act as a worker in favor of or in opposition to any candidate for public office." (Emphasis added) The two judge (out of three) majority expressed their belief that a bond issue election was a "political campaign." A strong dissenting opinion was written in which the dissenting judge asserted that the ordinary use of the words in the above section would clearly indicate that the provision was meant only to prohibit taking part in party or partisan political campaigns. The Heidtman case involved the circulation of a petition for the adoption of a city ordinance by firemen who were subject to a state civil service statute which provided: "No officer or employee in the classified service of the state, the several counties, cities and city school districts thereof, shall directly or indirectly, orally or by letter, solicit or receive, or be in any manner concerned in soliciting or receiving any assessment subscription, or contribution for any political party or for any candidate for public office, nor-shall any person solicit directly or indirectly, orally or by letter, or be in any manner concerned in soliciting any such employee in the classified service of the state and the several counties, cities or city school districts thereof; nor shall any officer or employee in the classified service of the state, the several counties, cities, and city school districts thereof, be an officer in any political organization or take part in politics other than to vote as he pleases and to express freely his political opinions." The court discussed the City of Cleveland case and distinguished same because therein involved was only a city charter provision which was to control political activities of city employees in accordance with local concepts and conditions then and there existing. The court noted that the city charter provided for non-partisan election of officials, and did not recognize party organizations. The court then stated; "In the case here before us, we are concerned with a penal statute, having statewide application, enacted by the General Assembly to prohibit the political activities of officers and employees in the classified service of the State, the several counties, cities and city school districts thereof, in certain specified respects. Being a penal statute, it must be strictly construed. . . ." The court went on to say that the purpose of the statute was to make classified employees independent of political party control as is the case under a "spoils system" of politics. The court determined that since the word "political" was used in the statute in conjunction with "party" and "organization," respectively, it must have been used in a restrictive sense meaning partisan politics, and that classified employees clearly could solicit or receive funds for non-partisan candidates under the statute. It was stated that; " t he legislature could have no purpose in curtailing the normal participation in community affairs of public servants beyond what was necessary to promote the efficiency, integrity and discipline of the public service." The portion of the Oklahoma statute involved prohibits classified service employees from: 1) Being a member of a committee of any national, state or local political party; 2) Being an officer or member of a committee of a partisan political club; 3) Being a candidate for nomination or election to any paid public office; 4) Taking part in the management or affairs of any political party, or in any political campaign, except to exercise his right as a citizen privately to express his opinion and to cast his vote. It seems that the sort of political activity prohibited by the statute is clearly partisan political activity, in order to protect the employee from political pressure to participate in partisan campaigns in order to retain or gain an appointment without regard to ability. While the potential pressure is not so clearly evident in a bond election campaign, it still must be considered. The foregoing all considered, it is the opinion of the Attorney General that classified employees may under 74 O.S. 818 [74-818] (1961), voluntarily work for or against the authorization of a bond issue in an election; however, their participation in such a non-partisan election campaign must be on a strictly voluntary basis, that is, in view of the policy of the act to protect classified employees, their assistance must not be "volunteered" by the agency nor in any way coerced. (J. Dell Gordon) ** SEE: OPINION NO. 76-325 (1976) **