Per Curiam.
 

 In this action originating in the Court of Appeals for Cuyahoga county, Frank P. Schneider sought a writ of mandamus directing Nelson J. Brewer, as judge of the Probate Court of Cuyahoga County, to comply with the mandate of the Court of Common Pleas of Cuyahoga County to appoint relator administrator
 
 de bonis non
 
 of the estate of Anna Schneider, deceased, upon his compliance with lawful requirements as to the giving of a bond, etc. The writ was allowed as prayed for and the cause is now in this court, for disposition on an appeal as of right.
 

 It appears from the record herein that several years ago Schneider applied to the Probate Court for letters of administration
 
 de bonis non
 
 in the estate of Anna Schneider, deceased, upon the claim that he was rightfully entitled thereto. Such application was denied and, no record having been made in the Probate Court, an appeal on questions of law and fact was taken to the
 
 *204
 
 Court of Common Pleas under the provisions of Section 10501-56, General Code. The latter court dismissed such appeal for want of jurisdiction, and from such order of dismissal an appeal on questions of law was perfected to the Court of Appeals. The Court of Appeals determined that the Court of Common Pleas did have jurisdiction to entertain the appeal and returned the cause to that court for further proceedings. See
 
 In re Estate of Schneider,
 
 81 Ohio App., 233, 72 N. E. (2d), 904. Such judgment of the. Court of Appeals became final.
 

 The Court of Common Pleas thereupon, on May 18, 1948, made a finding and decree granting the application of Schneider for letters of administration
 
 de. bonis non.
 

 An appeal from that judgment of the Court of Common Pleas was taken to the Court of Appeals and the latter court affirmed the same.
 

 Thereafter, a mandate was issued by the Court of Common Pleas to the Probate Court directing the latter court to appoint Schneider administrator
 
 de bonis non
 
 of the estate of Anna Schneider, deceased.
 

 Brewer, as judge of the Probate Court, refused to obey the mandate, and hence there was instituted the action in mandamus in the Court of Appeals, with which this court is presently concerned.
 

 Courts of Common Pleas in Ohio are constitutional courts of general jurisdiction. They have the right and duty to exercise such jurisdiction as may be validly conferred upon them by the General Assembly.
 

 Section 10501-56, General Code, provides for an appeal on questions of law and fact from the Probate Court to the Court of Common Pleas, where no record has been made in the Probate Court. This court has held such section constitutional.
 
 In re Estate of
 
 Bates, 142 Ohio St., 622, 53 N. E. (2d), 787.
 

 The Court of Appeals determined upon the record
 
 *205
 
 presented to it that the appeal from the Probate Court to the Court of Common Pleas was authorized and proper, and no appeal to this court from such judgment was sought.
 

 Assuming that the Court of Appeals was wrong in its determination that the order of the Probate Court refusing to appoint Schneider administrator was properly appealed from to the Court of Common Pleas, this court is now in no position to declare such holding of the Court of Appeals void and of no effect. Citation of authorities is not needed to support the proposition that where a court of record has jurisdiction-over the subject matter before it and renders a judgment, such judgment may not be collaterally impeached. So long as it stands unreversed, it remains conclusive as to the matter decided.
 

 Surely, this court in the present appeal and on the record before it would be exceeding its proper functions in making a declaration that there was no right of appeal by Schneider to the Court of Common Pleas from the refusal-of the Probate Court to appoint bim administrator.
 

 It is generally recognized that a writ of mandamus from a higher court is the proper remedy to require a lower court to perform a duty which it is incumbent on it to perform.
 

 The Court of Appeals is invested with the authority to issue the writ of mandamus and we can discover no sufficient grounds in this case to interfere with its exercise of such prerogative.
 

 It follows that the judgment of the Court of Appeals should be and it is hereby affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Stewart, Middleton,. Taft, Matthias and Hart, JJ., concur.