**The STATE ex rel. TRW, Inc.,**

v.

**JAFFE, Judge.**

[Cite as *State ex rel. TRW, Inc. v. Jaffe* (1992), 78 Ohio App.3d 411.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62934.

Decided Feb. 25, 1992.

*Jones, Day, Reavis & Pogue, Patrick F. McCartan, Jr., Hugh R. Whiting* and *Patricia A. Dunn,* for relator.

*Stephanie Tubbs Jones* Cuyahoga County Prosecuting Attorney, and *Patrick J. Murphy,* Assistant Prosecuting Attorney for respondent.

*Judith. A. Lehnowsky* and *Leonard F. Carr,* for intervenor.

---

JOURNAL ENTRY.

Petitioner, TRW, Inc. ("TRW"), is seeking either a writ of mandamus to compel respondent, the Honorable Harry Jaffe, to follow the mandate of the Supreme Court of Ohio in *Russ v. TRW, Inc.* (1991), 59 Ohio St.3d 42, 570 N.E.2d 1076, or a writ of prohibition to enjoin Judge Jaffe from retrying the issue of fraud damages in *Russ v. TRW, Inc.,* Cuyahoga County Court of Common Pleas case No. 85–088191, which is on remand from the Supreme Court of Ohio. This court issued an alternative writ of prohibition to stay the retrial of fraud damages in the court below until the conclusion of this writ action. Respondent moved to dismiss this action, and the parties, including intervenor, Alan J. Russ, have now completed their briefing on the merits. For the following reasons, we deny respondent's motion to dismiss (motion No. 23379) and issue a writ of prohibition barring a retrial of damages on intervenor's claim of fraud.

This action arose due to the following facts: Russ brought suit against TRW for, *inter alia,* promissory estoppel, intentional infliction of emotional distress, and fraudulent misrepresentation. A jury awarded Russ $600,000 compensatory damages and $100,000 punitive damages in an undifferentiated verdict. On appeal, this court affirmed the judgment in favor of Russ on his claims of fraud (with one judge dissenting) and intentional infliction of emotional distress, reversed the judgment on the promissory estoppel claim, and remanded the case to the trial court for a new trial on damages, since the damages attributable to the claim of promissory estoppel were not allocated separately. *Russ v. TRW, Inc.* (Aug. 21, 1989), Cuyahoga App. Nos. 54973 and 57215, unreported. The parties appealed.

In the Supreme Court, Justice Sweeney wrote an opinion in which Justices Douglas and Resnick concurred, Justice H. Brown concurred in part and dissented in part, and Chief Justice Moyer and Justices Holmes and Wright dissented. *Russ v. TRW, Inc.* (1991), 59 Ohio St.3d 42, 570 N.E.2d 1076. The court issued the following judgment entry and subsequent mandate to the trial court: "[T]he judgment of the court of appeals is affirmed and the cause is remanded for retrial on the issue of damages only consistent with the opinion rendered herein." The court denied TRW's motion for rehearing.

On remand to the trial court, Russ filed a memorandum on damages. TRW responded and moved *in limine* to prohibit Russ from introducing evidence of damages on his fraud claim, arguing that a majority of the Supreme Court concluded that Russ had not sustained his claim of fraud. The trial court denied TRW's motion, and TRW sought relief in mandamus/prohibition in this court.

In order for a writ of prohibition to be issued, a petitioner must establish that (1) the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) the refusal of the writ would result in injury for which there exists no adequate remedy in the ordinary course of law. *State ex rel. McKee v. Cooper* (1974), 40 Ohio St.2d 65, 69 O.O.2d 396, 320 N.E.2d 286, paragraph one of the syllabus. The existence of an adequate remedy is immaterial to the issuance of a writ of prohibition, however, if a court is completely without jurisdiction to proceed. *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 573 N.E.2d 606; *State ex rel. Tollis v. Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St.3d 145, 532 N.E.2d 727.

The first requirement for issuance of a permanent writ of prohibition, which is not in dispute, is satisfied, since respondent is about to exercise judicial power in retrying the damages portion of the *Russ* litigation. TRW must now show that the exercise of this power is unauthorized by law.

TRW posits that respondent is exceeding the scope of his authority and jurisdiction in retrying the issue of fraud damages because four of the seven Justices of the Supreme Court concluded that Russ had not sustained his claim of fraud. TRW contends that the opinion of the remaining three Justices cannot control on the fraud claim because the Ohio Constitution provides that a majority of the Supreme Court are necessary to render a judgment. Respondent and intervenor counter that the power to retry the issue of fraud damages is derived from the judgment and mandate of the Supreme Court, which stated that the judgment of this court was affirmed, not reversed. Respondent believes it is not his function to interpret multiple opinions of the Supreme Court, and intervenor argues that it is the judgment of a court that controls and not the various opinions of the justices.

Intervenor is correct that it is the judgment of a court that is controlling. See *Squire v. Guardian Trust Co.* (1944), 144 Ohio St. 266, 29 O.O. 423, 58 N.E.2d 651. Section 2(B)(2)(d), Article IV of the Ohio Constitution grants jurisdiction to the Supreme Court to review the judgments of inferior courts. Thus, a judgment that is correct will not be disturbed on

appeal even though the reasons stated in an opinion in support of the judgment are incorrect. *Hetrick v. Marion–Reserve Power Co.* (1943), 141 Ohio St. 347, 354, 25 O.O. 467, 470, 48 N.E.2d 103, 106–107. But what is it that constitutes a judgment?

A judgment of the Supreme Court can only be that decision which is rendered by a majority of its Justices. Section 2, Article IV, Ohio Constitution. A professed judgment of only three Justices, therefore, would be constitutionally infirm as beyond the jurisdiction of the court. The only decision of this appellate court which could be affirmed then according to the Ohio Constitution was the judgment reached by a majority of the Supreme Court Justices. To determine the majority and therefore the judgment in *Russ*, the opinion(s) of the court must be read, since only two Justices concurred in full in the opinion written by Justice Sweeney. In fact, contrary to respondent's belief, the announced judgment of the Supreme Court, as well as its mandate, incorporates the opinion and requires a review of the opinion of the court so that the ordered retrial is consistent with the decision rendered.

A thorough review of the opinion of the court discloses that all of the Justices agreed that a retrial on damages for the claim of promissory estoppel was barred. Two different majorities appear, however, for the remaining claims of intentional infliction of emotional distress and fraud, with Justice H. Brown writing the pivotal opinion. Four Justices (Justices Sweeney, Douglas, Resnick and H. Brown) voted to affirm the finding of intentional distress, and four Justices (Chief Justice Moyer and Justices H. Brown, Wright and Holmes) wrote to reverse liability for fraud. While Justice H. Brown concurred with the remand for a retrial on the emotional distress damages, which gave the court a majority on this issue, he dissented on the fraud claim.

Intervenor contends that even if the Justices' opinions are significant, a majority of the court found in his favor on the fraud claim because Justice H. Brown, in the opening paragraph of his concurring and dissenting opinion, agreed with Part IV of Justice Sweeney's opinion that remanded the case for a new trial on the issue of damages for "the surviving claims of fraud and intentional infliction of emotional distress." *Russ*, 59 Ohio St.3d at 51, 570 N.E.2d at 1085. If we agreed with intervenor's interpretation, we would be imprudently elevating form over substance, since (1) we would have to ignore the remainder of Justice H. Brown's opening paragraph, which declares his dissent from Justice Sweeney's disposition of the fraud issue, (2) we would have to ignore the body of Justice H. Brown's opinion, which details why Russ failed to prove fraud, and (3) we would have to ignore Justice H. Brown's closing paragraph which specifically designates a reversal on the fraud claim.

Having the benefit of Justice H. Brown's thoughts following his opening clause clarifies Justice H. Brown's intentions regarding the disposition of this case. It is clear that Justice H. Brown concurred in the remand and retrial for emotional distress damages, but disagreed in a retrial of fraud damages. A majority of the court and, therefore, the judgment of the court, considering Justice H. Brown's split vote, remanded the case for a retrial on the issue of damages for the claim of intentional infliction of emotional distress only.

Intervenor suggests that we surmise from the denial of the motion for rehearing that the Supreme Court rejected TRW's interpretation of the judgment. The Supreme Court denied TRW's motion without comment, and it would be pure speculation on our part to supply the reasons for the court's denial. See (1991), 60 Ohio St.3d 720, 574 N.E.2d 1084.

■ The order issued upon the judgment and in conformity therewith is the mandate. S.Ct.Prac.R. IX(2). A trial court hearing a case on remand has no authority, absent extraordinary circumstances (which are not claimed here), to deviate from the mandate of the superior court. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410; *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 13 O.O.3d 17, 391 N.E.2d 343; see *State ex rel. Dreger v. O'Donnell* (Mar. 18, 1991), Cuyahoga App. No. 61150, unreported. The mandate to respondent, which reflected the judgment of the court, ordered a retrial on the issue of damages consistent with the opinion of the court. Any retrial of damages inconsistent with the Supreme Court's opinion would exceed the jurisdiction of the trial court. As discussed above, the retrial is to consist of a determination of damages, if any, on Russ's claim for emotional distress. Because respondent intends to retry the issue of fraud damages in addition to emotional distress damages, respondent is exceeding the scope of the remand, which is unauthorized by law. Whether or not TRW has an adequate remedy by appeal is irrelevant, since we find that respondent is completely without jurisdiction to proceed with a new trial on the issue of damages for fraud. Because we find that TRW is entitled to a writ of prohibition, TRW's request for a writ of mandamus is denied as moot.

Accordingly, the Honorable Harry Jaffe is hereby prohibited from conducting a new trial which includes the issue of damages for fraud in *Russ v. TRW, Inc.*, Cuyahoga County Court of Common Pleas case No. 85–088191.

Writ to issue. Costs to respondent.

*Judgment accordingly.*

FRANCIS E. SWEENEY, P.J., JOHN F. CORRIGAN and HARPER, JJ., concur.