The STATE ex rel. HAUKEDAHL et al.

v.

BATES, Judge.

[Cite as *State ex rel. Haukedahl v. Bates* (1995), 102 Ohio App.3d 460.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–93–353.

Decided Feb. 2, 1995.

*William M. Connelly, Steven P. Collier* and *Thomas G. Mackin,* for Mark Haukedahl and Jacqueline Haukedahl.

*Anthony G. Pizza,* Lucas County Prosecuting Attorney, *Steven J. Papadimos* and *Bortrand R. Puligandla,* Assistant Prosecuting Attorneys, for Judge James D. Bates.

*Fritz Byers,* for Robert E. Kose, M.D.

*H. William Bamman,* for Darrell K. Evans, M.D.

---

*Per Curiam.*

This matter is before the court on a petition for a writ of prohibition of petitioners, Mark and Jacqueline Haukedahl. The Haukedahls seek to enjoin respondent, Judge James D. Bates of the Lucas County Court of Common Pleas, from conducting a hearing in order to correct the trial court record pursuant to App.R. 9(E). This court has granted Robert E. Kose, M.D., and Darrell K. Evans, M.D., leave to intervene in the present action.

The undisputed facts of this case are as follows. In a separate action, captioned *Haukedahl v. St. Luke's Hosp.,* Lucas County Court of Common Pleas No. CV 88–1958 ("the *St. Luke's* case"), the Haukedahls filed medical malpractice claims against Drs. Kose and Evans. The Haukedahls alleged that Kose and Evans failed to respond and administer proper emergency medicine to their son Todd, resulting in his serious injury. The case was assigned to Judge Bates and proceeded to trial. During opening statements, juror John Fries lost consciousness and was subsequently aided by several persons in the courtroom.

The Haukedahls moved for a mistrial on the grounds that Kose and Evans assisted juror Fries. Due to the nature of the medical malpractice claim, the Haukedahls argued that a fair trial could not be had. Judge Bates then proceeded to conduct individual voir dire of each of the jurors in order to determine what each juror saw. The trial judge also asked each juror whether he or she would be influenced by what he or she saw. After completing the voir

dire, Judge Bates denied the motion for a mistrial. The matter then proceeded to trial with the jury returning a verdict in favor of Drs. Kose and Evans.

The *St. Luke's* case was subsequently appealed to this court. On December 3, 1993, we issued a decision reversing the judgment of the trial court. *Haukedahl v. St. Luke's Hosp.* (Dec. 3, 1993), Lucas App. No. L–92–011, unreported, 1993 WL 496681. This court found error in the trial court's refusal to grant a mistrial due to the incident with juror Fries. We remanded the case to the Lucas County Court of Common Pleas for further proceedings not inconsistent with our decision.

On December 10, 1993, Judge Bates initiated contact with counsel for the Haukedahls and Drs. Evans and Kose concerning the *St. Luke's* case. Judge Bates indicated an intention to schedule a conference for the "purpose of taking testimony from counsel for those parties and the defendant doctors as to each individual's recollection of what occurred when a juror lost consciousness during the opening statement. * * *"

On December 13, 1993, Dr. Kose filed with this court an application for reconsideration of our December 3, 1993 decision of the *St. Luke's* case.

On December 15, 1993, Dr. Kose filed with the trial court a motion for correction of the record pursuant to App.R. 9(E). On December 15, 1993, Judge Bates formally scheduled a hearing as to Dr. Kose's motion to correct the record.

On December 16, 1993, the Haukedahls filed the present action in this court for a writ of prohibition seeking to enjoin Judge Bates from conducting the hearing on the motion to correct the record.

On December 30, 1993, this court issued a temporary stay, prohibiting Judge Bates from proceeding with the hearing on the motion to correct the record, pending our resolution as to the Haukedahls' complaint for a writ of prohibition. On January 14, 1993, Dr. Kose appealed the temporary stay to the Ohio Supreme Court. In addition, Dr. Kose also filed a complaint for writ of prohibition with the Supreme Court of Ohio seeking to prevent this court from interfering in any way with the trial court's App.R. 9(E) hearing. On November 23, 1994, the Supreme Court of Ohio dismissed both Dr. Kose's appeal of the temporary stay and Dr. Kose's complaint for a writ of prohibition against this court.

On December 15, 1994, we denied Dr. Kose's motion for reconsideration of our decision of December 3, 1993 in the *St. Luke's* case.

In the present case, the parties have filed an agreed statement of facts with this court and have completed a briefing schedule concerning the petition for writ of prohibition against Judge Bates. It is the Haukedahls' position that Judge Bates's proposed hearing on the motion to correct the record is an unauthorized exercise of judicial power. In contrast, Judge Bates and Drs. Kose and Evans

have moved to dismiss the petition for a writ of prohibition on the grounds that such a hearing is authorized under the appellate rules.

In *State ex rel. McKee v. Cooper* (1974), 40 Ohio St.2d 65, 69 O.O.2d 396, 320 N.E.2d 286, paragraph one of the syllabus, the Supreme Court of Ohio held that a petitioner must make the following tripartite showing in order to be entitled to a writ of prohibition:

"(1) The court or officer against whom [the writ] is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law."

Further, where there is a finding that the inferior court is without jurisdiction to exercise its judicial power, the availability of an adequate remedy at law is immaterial. *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 79–80, 573 N.E.2d 606, 608.

The parties do not dispute that the proposed hearing on the motion to correct the record would be an exercise of judicial power, thus satisfying the first requirement under *McKee*. However, it is the Haukedahls' position that the trial court is without jurisdiction and unauthorized by law to hold such a hearing, thus satisfying the second requirement under *McKee*. In contrast, Judge Bates and Drs. Kose and Evans contend that the hearing is proper under App.R. 9(E), which reads as follows:

"If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion, or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals."

It is well-settled law that a "trial court is without authority to extend or vary the mandate given [by an appellate court]." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 4, 11 OBR 1, 3, 462 N.E.2d 410, 413. Specifically, "[a] trial court hearing a case on remand has no authority, absent extraordinary circumstances * * *, to deviate from the mandate of the superior court." *State ex rel. TRW, Inc. v. Jaffe* (1992), 78 Ohio App.3d 411, 415, 604 N.E.2d 1376, 1379, citing *Nolan, supra*, at 4, 11 OBR at 3–4, 462 N.E.2d at 414.

■ In this court's decision and journal entry of December 3, 1993, we found the trial court erred in failing to grant a mistrial following the incident with juror Fries. Therefore, we reversed the judgment of the trial court and remanded the case "for further proceedings not inconsistent with this decision." A hearing on a motion to correct the record pursuant to App.R. 9(E) is not a proceeding consistent with our December 3, 1993 decision and, therefore, is not within the scope of the remand to the trial court. Thus, we find that the trial court in proposing to hold a hearing on a motion to correct the record was exceeding the mandate of this court.

Judge Bates and Drs. Kose and Evans argue that the case of *Reichert v. Ingersoll* (1985), 18 Ohio St.3d 220, 18 OBR 281, 480 N.E.2d 802, permits a trial court to entertain a motion to correct the record even after an appellate court has rendered a decision. In *Reichert*, the appellant argued on appeal that the trial court erred in overruling his objection to an improper jury instruction. The court of appeals affirmed the trial court's decision on the basis that no objection to the jury instruction appeared in the transcript of proceedings.

However, the *Reichert* appellant was unaware that the portion of transcript, containing his objection to the jury instruction, had been omitted until he read the court of appeals' decision. The appellant then filed a motion for reconsideration in which he submitted the missing portions of the transcript along with an affidavit from the court reporter who accepted responsibility for the omission. However, the court of appeals refused to grant the motion for reconsideration on the grounds that appellant was afforded a reasonable amount of time to correct the record prior to its decision.

The Ohio Supreme Court, in *Reichert*, reversed, finding that the court of appeals abused its discretion in denying the motion for reconsideration. *Id.*, 18 Ohio St.3d at 222, 18 OBR at 282–283, 480 N.E.2d at 804–805. The *Reichert* court held that "the court of appeals below should have considered App.R. 9(E) when it reviewed appellant's motion for reconsideration, *based upon the peculiar facts and circumstances within the instant case.*" (Emphasis added.) In the alternative, the *Reichert* court went on to find that "the error rendered below was of such an egregious nature that reversal is necessitated under the exceptional doctrine of plain error." *Id.*, 18 Ohio St.3d at 224, 18 OBR at 284, 480 N.E.2d at 806.

We find the present case is distinguishable from the *Reichert* case. In *Reichert*, the appellant argued on appeal that the record showed he had objected to the erroneous jury instruction. However, the court of appeals refused to address appellant's assignment of error because the relevant portion of the transcript was missing. In contrast, in the *St. Luke's* case, Dr. Kose and Dr. Evans argued on appeal that their assistance to juror Fries was minimal and that

the trial court's curative instruction was sufficient to negate any prejudicial effect the incident would have on the jury. No argument was ever raised that the juror Fries incident occurred outside the presence of the jury. It was not until Dr. Kose filed a motion for reconsideration that it was argued, for the first time, that the mistrial was properly denied because the incident with juror Fries occurred outside the presence of the jury.

Further, in *Reichert* there was no dispute that the appellant had indeed timely objected to the jury instruction but had simply omitted the relevant portion of the transcript. In the *St. Luke's* case, Judge Bates and Drs. Kose and Evans argue, the juror Fries incident occurred outside the presence of the jury. Such argument is directly contradicted by the record that was before this court. Following juror Fries's collapse, William M. Connelly, attorney for the Hauke-dahls, made the following statement for the record:

"MR. CONNELLY: Your Honor, I would like the record to show, since it probably doesn't reflect very much at this point, that during the opening statement by plaintiff's counsel, me, one of the jurors appeared to roll his head back and wasn't sleeping, it was some sort of seizure or some sort of problem. And as a result of that, *the two doctor defendants, along with one of the attorneys and one of the nurses, did rush to the aid of the juror, and in the presence of all the other jurors;* and that continued some period of time with even one of the jurors, Nurse Miller, render[ing] some assistance." (Emphasis added.)

There was no objection made to attorney Connelly's statement that the jury witnessed juror Fries's collapse and the subsequent assistance rendered by Drs. Kose and Evans. Attorney Connelly then proceeded to request a mistrial as follows:

"MR. CONNELLY: The thrust of the case that the plaintiff has is that [Drs. Kose and Evans], when Todd was in a crisis, neglected and refused to respond, even though they were contacted and advised of his precarious, critical state in one of shock. And we are claiming that with that information, they did not do as they should have done. Here is an example, these two doctors in an emergency situation responded. *It's obviously going to impact upon the whole panel.* There's not a one of us here in the room who won't remember this case of the juror collapsing during opening statement. It does make an impact. And to suggest that it doesn't is just to defy human nature, how we perceive things.

"And so, I think if there ever was a cause for a mistrial at this stage, this is it in this kind of case." (Emphasis added.)

Again, there was no objection made that the jury did not witness the incident with juror Fries. In fact, James Tuschman, attorney for Dr. Kose, objected to

the request for a mistrial, not because the jury did not witness Drs. Kose and Evans assisting juror Fries, but because of a lack of prejudice:

"MR. TUSCHMAN: I don't think there was anything that was prejudicial in terms of what went on here. *The fact that the doctors went to the aid of this juror would have been as a natural response. And everyone knows that these are doctors and that's what they expected to do. It would have been rather inappropriate if they'd have sat there.*" (Emphasis added.)

Tuschman continued his objection as follows:

" * * * these matters can be dealt with by a curative instruction from the Judge, *that simply responding here should not be taken in consideration by the jury.* This was simply a natural response of these people in the audience, as any passerby or anyone would have done. Everyone seemed to go to the aid of this person, this juror." (Emphasis added.)

At no time did Tuschman or any other party ever indicate that the incident with juror Fries occurred outside the presence of the jury.

Further, Judge Bates never indicated that the jury did not witness Drs. Kose and Evans's going to the aid of juror Fries. In fact, Judge Bates commented that the response of the doctors in aiding juror Fries might have an effect on the case:

"THE COURT: Mr. Skiver [attorney for Dr. Kose] responded pretty quickly. The two defense doctors were a little slow on the draw, I thought, which may or may not have an effect on the case."

In addition, during the voir dire of the jury following juror Fries's collapse, several jurors stated that they saw several persons assisting juror Fries. Juror Timothy Greenlese's response to the trial court's questioning is typical of that of several other jurors:

"MR. GREENLESE: What I saw was—well, I heard a garble, gargle or something, and I looked over and saw his head laying back like that. And then I looked up and saw Mr. Connelly asking you to—looking to you, and I saw you trying to get his attention. *And then everybody rushed up, tried to take care of him.*" (Emphasis added.)

Unlike the *Reichert* case, in the *St. Luke's* case both the record before this court and the briefs of the parties supported this court's reliance on the fact that the juror Fries incident occurred in the presence of the jury. It is not until Dr. Kose filed a motion for reconsideration that the argument is raised that the jury did not witness the juror Fries incident. In his motion for reconsideration, for the first time Dr. Kose argues that "the record is silent as to the whereabouts of the other jurors when various people went to the aid of Juror Fries." However, as discussed above, Dr. Kose's argument is refuted by the record before the court.

Further, in *Reichert*, the appellant asked to supplement the record with the inadvertently omitted portion—there was no argument that the record was incorrect. However, in the *St. Luke's* case, Drs. Kose and Evans argue that the record is incorrect and does not accurately reflect what actually happened during trial.

In addition, the doctrine of plain error was relied on in *Reichert* as further support for the Supreme Court's judgment of reversal. In contrast, the doctrine of plain error is inapplicable to the *St. Luke's* case.

For all the above reasons, we find that the *Reichert* case is inapplicable. We further find that the trial court would exceed the scope of the remand, and therefore be without jurisdiction, in holding a hearing on the motion to correct the record. Thus, the second requirement for granting a writ of prohibition under *McKee* is satisfied.

Because we find that the trial court is without jurisdiction to hold a hearing, the third requirement under *McKee*, *i.e.*, the inadequacy of a remedy at law, need not be demonstrated.

Accordingly, we find respondent's motion to dismiss not well taken and denied. Further, we find the Haukedahls' petition for a writ of prohibition is granted. Judge Bates is enjoined from holding a hearing on the motion to correct the record in the case captioned *Haukedahl v. St. Luke's Hosp.*, Lucas County Court of Common Pleas, Case No. CV 88–1958. It is so ordered.

*Writ granted.*

ABOOD, P.J., HANDWORK and GLASSER, JJ., concur.