Relators are the defendants in McConnell v. Budget Inns of Am.,
Cuyahoga County Court of Common Pleas Case Nb. CV-308975. In 1997, respondent entered judgment against relators after a jury returned a verdict in favor of the plaintiffs in Case No. CV 308975. In McConnell v. Budget Inns of Am.(Aug. 20, 1998), Cuyahoga App. No. 72755, unreported, this court "reversed and remanded for a new trial." Id. at 25. The Supreme of Ohio did not allow the discretionary appeal of the plaintiffs. McConnell v.Budget Inns of Am.(1998), 84 Ohio St.3d 1451 Case No. 98-21531 On remand, trial is set for May 10, 1999.
In Case No. CV-308975, plaintiff Gerald McConnell seeks recovery for injuries he suffered when a chair in which he was seated collapsed while he was a guest at relators' hotel. Plaintiff Ontario Workmen's Compensation Board ("Board") seeks recovery via subrogation for benefits paid to McConnell.
In Case No. 72755, this court held that:
 A) Controlling Ontario law required that only the Board could maintain an action in the name of the injured worker after the worker elected to receive benefits. Nevertheless, although the trial court erred in permitting both the injured worker and the Board to maintain an action, the error was harmless. Case No. 72755 at 13-15.
 B) The trial court erred by instructing the jury on res ipsa loquitur.
In this original action, relators complain that on remand respondent has refused to permit additional discovery as well as an additional expert witness for relators. Relators also complain that respondent has not ordered the Board to elect under whose name the Board would proceed.
 Relators seek relief in mandamus and prohibition. Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. Nolan v. Nolan(1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, syllabus; Columbus Bd. of Edn. v. Franklin Cty., Bd. of Revision(1994), 70 Ohio St.3d 344, 345, 639 N.E.2d 25, 26. A writ of mandamus is an appropriate remedy to require a lower court to comply with an appellate court's mandate directed to that court. State ex rel. Potain v. Mathews(1979), 59 Ohio St.2d 29, 13 O.O.3d 17, 391 N.E.2d 343; State ex rel. Schneider v. Brewer(1951), 155 Ohio St. 203, 44 O.O. 170, 98 N.E.2d 2; see, also, Vendo Co. v. Lektro-Vend Corp.(1978), 434 U.S. 425, 427-428, 98 S.Ct. 702, 703-704, 54 L.Ed.2d 659, 662-663. A writ of prohibition is an appropriate remedy to prevent a lower court from proceeding contrary to the mandate of a superior court. See State ex rel. TRW, Inc. v. Jaffe
(1992), 78 Ohio App.3d 411, 604 N.E.2d 1376(writ of prohibition issued to prevent new trial on issue of damages for fraud); see, also, State ex rel. Potain, supra, 59 Ohio St.2d at 32, 13 O.O.3d at 19, 391 N.E.2d at 345 ("The Constitution does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals.").
State ex rel. Smith v. O'Connor(1995), 71 Ohio St.3d 660, 662,646 N.E.2d 1115, rehearing denied 72 Ohio St.3d 1522.
In Smith, the court of appeals had remanded the underlying case for a new trial after concluding that the jury verdict was against the manifest weight of the evidence. On remand, the trial court "set the cause for a new trial and determined that" all issues * * * shall be tried * * * Id. at 661. The relator argued that the new trial should be limited to damages only. The Supreme Court held that: Smith had failed to establish either a clear legal right or a clear legal duty for a limited trial because the remand was not limited; Smith had failed to establish that the respondent was exceeding his jurisdiction by holding a new trial; and Smith had an adequate remedy by way of discretionary appeal of the prior court of appeals decision despite the fact that the appeal was not allowed.
Similarly, in this action, this court's decision in Case No. 72755 ordered a new trial. This court, in the exercise of its appellate jurisdiction, did not limit the scope of the remand. Relators have not pleaded any facts which demonstrate that relief in either mandamus or prohibition is appropriate.
 [A]ppellants did not allege in their complaint that the trial court patently and unambiguously lacked jurisdiction to enter the pretrial discovery orders. In general, absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction possesses an adequate remedy by appeal. State ex rel. Willacy v. Smith(1997), 78 Ohio St.3d 47, 51, 676 N.E.2d 109, 113.
 Therefore, appeal following the entry of a final appealable order constitutes an adequate remedy in the ordinary course of law to resolve any alleged error by the trial court in its pretrial discovery orders.
State ex rel. Herdman v. Watson(1998), 83 Ohio St.3d 537, 538
539, 700 N.E.2d 1270(affirming the dismissal of an action in prohibition; citations in the second quoted paragraph deleted). Likewise, relators in this action have an adequate remedy in the ordinary course of the law by appealing after the disposition of Case No. CV-308975 on remand.
Additionally, relators complain that the law of the case doctrine provides a sufficient basis for this court to issue a writ of prohibition or mandamus compelling respondent to order the Board to elect to proceed under its own name or that of the injured worker.
 Under the doctrine of the law of the case, "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." Nolan v. Nolan
(1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, syllabus. The Ohio Constitution does not give a court of common pleas jurisdiction to review a prior mandate of a court of appeals. State ex rel. Potain v. Mathews
(1979), 59 Ohio St.2d 29, 32, 13 O.O.3d 17, 19, 391 N.E.2d 343, 345. Accordingly, a writ of prohibition is an appropriate remedy to prevent a lower court from proceeding contrary to the mandate of a superior court. State ex rel. Smith v. O'Connor(1995), 71 Ohio St.3d 660, 662, 646 N.E.2d 1115, 1117, citing State ex rel. TRW, Inc. v. Jafife(1992), 78 Ohio App.3d 411, 604 N.E.2d 1376(writ of prohibition issued to prevent retrial on issue of fraud damages where mandate limited retrial to emotional-distress damages)
State ex rel. Crandall, Pheils Wisniewski v. DeCessna(1995),73 Ohio St.3d 180, 182, 652 N.E.2d 742.
Relators acknowledge that their motion to elect [the party plaintiff] was filed on March 19, 1999 and remains pending. Obviously, respondent may yet order relief consistent with relators' request.
We also note that this court did not sustain the assignment of error challenging the propriety of the trial court's permitting Case No. 308975 to proceed in the name of both plaintiffs. Compare TRW, Inc., supra (remand for retrial on the issue of damages for emotional distress only; prohibition granted to prevent retrial on the issue of damages for fraud). In Case No. 72755, this court held that the trial court's error in permitting Case No. 308975 to proceed in the name of both plaintiffs was harmless. We cannot, therefore, at this time conclude that respondent is patently and unambiguously without jurisdiction to proceed.
In Case No. 72755, this court ordered respondent to conduct a new trial. Respondent has scheduled a new trial for May 10, 1999. Clearly, respondent is acting within the scope of the remand. As a consequence, relief in mandamus or prohibition would not be appropriate.
Accordingly, we dismiss this action sua sponte for failure to state a claim upon which relief can be granted. Cf. State ex rel.Peeples v. Anderson(1995), 73 Ohio St.3d 559, 560,653 N.E.2d 371. By separate entry, we have denied relators' application for alternative writ. Relators to pay costs. Writ dismissed.
TERRENCE O'DONNELL, P.J., and LEO M. SPELLACY, J., CONCUR.
 ___________________________________ KENNETH A. ROCCO JUDGE