OPINION
The instant action in mandamus and prohibition is presently before this court for final determination of respondent's motion to dismiss, filed on February 1, 2000. As the basis for his motion, respondent, Judge J. Warren Bettis, argues that the petition of relator, Raymond Gau, fails to state viable claims because there is an alternative legal remedy through which relator can obtain the identical relief he seeks in this action. For the following reasons, we conclude that the motion to dismiss should be granted.
In bringing the instant action, relator seeks the issuance of an order which would require respondent to hold an evidentiary hearing in an underlying action and allow him to question certain witnesses. This request for relief is based upon the basic assertion that, in a prior evidentiary hearing, respondent refused to allow relator to question the witnesses on a particular topic.
Specifically, relator's prayer for relief is predicated upon the following allegations: (1) in December 1989, relator was convicted on charges of rape and kidnapping in the Lake County Court of Common Pleas; (2) at some point subsequent to the conviction, relator filed a petition for postconviction relief; (3) in December 1998, this court issued a decision reversing the dismissal of relator's petition; (4) as part of our judgment, we ordered the trial court to conduct an evidentiary hearing on the question of whether the victim of the underlying crimes had made inconsistent statements; (5) upon remand of the matter, respondent, as a visiting judge assigned to the case, held a hearing; and (6) during this proceeding, respondent sustained the state's objections to certain questions relator asked of three witnesses.
In now moving to dismiss relator's mandamus claim, respondent contends that the merits of his evidentiary rulings during the hearing cannot be properly contested in the context of the instant action. Respondent submits that the mandamus claim is not viable because relator can challenge the rulings in a direct appeal from the final judgment on the postconviction petition.
To be entitled to a writ of mandamus,[1] a relator must be able to prove, inter alia, that he lacks a plain and adequate remedy in the ordinary course of the law. State ex rel. Manson v.Morris (1993), 66 Ohio St.3d 440, 441. In considering this specific element of a mandamus claim, the Supreme Court of Ohio has consistently held that an appeal to an appellate court of this state constitutes such a remedy. See State ex rel. Berger v.McMonagle (1983), 6 Ohio St.3d 28, 30.
In light of the foregoing precedent, the Sixth Appellate District has concluded that a relator cannot employ a mandamus action to contest the evidentiary rulings of a trial court because the merits of such rulings can be raised in a direct appeal. Stateex rel. Reed v. Bowman (Oct. 19, 1998), Lucas App. No. L-98-1141, unreported. Although not expressly stated in the opinion, this conclusion is clearly predicated upon the fact that the relator can achieve the same result in the appeal as he could in the mandamus action.
In his response to the instant motion to dismiss, relator emphasizes that, as a result of respondent's evidentiary rulings, he was denied his right to a complete hearing on his postconviction petition. In regard to this point, this court would indicate that this is not a situation in which the trial court has simply ignored the mandate of a superior court. Cf.,State ex rel. TRW, Inc. v. Jaffe (1992), 78 Ohio App.3d 411. In his petition before us, relator readily admits that respondent has held a hearing in which he heard some evidence on the specific issue referenced in the judgment and opinion we issued in the prior appeal. Consequently, relator's own allegations do not support the factual inference that he has been denied his right to a hearing; instead, the allegations indicate that the true issue is whether respondent has properly excluded certain evidence from consideration. The foregoing authority supports the holding that such an issue should be litigated in a direct appeal.
As part of his petition in the instant matter, relator also made a general request for the issuance of a writ of prohibition. Nevertheless, in the body of the petition, relator did not make any allegation in support of a prohibition claim; i.e., relator never alleged that respondent lacked jurisdiction to proceed in the underlying case. In addition, even if relator had made such an allegation, a prohibition claim would still not lie because such a claim cannot be employed to determine the admissibility of evidence. See Rath v. Williamson (1992), 62 Ohio St.3d 419.
Pursuant to Civ.R. 12(B)(6), a petition in an action can be dismissed for failing to state a viable claim when the nature of the allegations is such that it is beyond doubt that the plaintiff/relator cannot prove any set of facts under which he would be entitled to the requested relief. State ex rel. Boggs v.Springfield Local School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94,95. Consistent with the foregoing analysis, this court holds that respondent has satisfied this standard because relator's own allegations support the conclusion that he will be unable to prove a lack of an adequate legal remedy.
Therefore, respondent's motion to dismiss is granted. It is the order of this Court that relator's petition, sounding in mandamus and prohibition, is hereby dismissed.
 _____________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY
JUDGE ROBERT A. NADER, JUDGE WILLIAM M. O'NEILL.
[1] As an aside, this court would note that, in his petition before us, relator refers to the relief he seeks as a "writ of mandate." However, our review of his prayer for relief readily indicates that relator's primary claim sounds in mandamus. Furthermore, a "writ of mandate" is not one of the five recognized types of actions over which an appellate court has original jurisdiction. See Sections 2(B)(1) and 3(B)(1), Article IV, Ohio Constitution. Thus, relator's "writ of mandate" shall be construed as a request for a writ of mandamus.