DECISION AND JUDGMENT ENTRY
Relator, Lawrence D. Ontko, filed this action for writ of mandamus to compel respondent, Judge Donald L. Ramsey, to carry out this court's judgment in its initial opinion issued on November 12, 1999 and reconsideration decision issued on January 6, 2000. In both those opinions, this court remanded the case to the trial court to investigate a discrepancy in child support. Respondent has moved this court to appoint a different panel to hear the instant mandamus action than the three judges who participated in the June 28, 2000 appellate decision which is the subject of this mandamus. Respondent has also moved this court for summary judgment,[1] stating that relator has no clear legal right to the remedy sought and has an adequate remedy at law. Relator has filed a response in opposition to respondent's motions and has filed his own motion for summary judgment.
We will first address respondent's motion for a new panel of judges. Respondent cites no rule or case law which would require us to change the panel; we, too, have been unable to find such a requirement. In our view, the panel which issued the opinions in question is best qualified to interpret and determine whether respondent has failed to comply with our mandate. Therefore, respondent's motion for appointment of a new panel of judges is not well-taken and is denied.
We now address the substantive issues of this action. In order for a writ of mandamus to be issued, the relator must demonstrate a clear legal right to the relief prayed for, that respondents are under a clear duty to perform the act, and that the relator has no plain and adequate remedy in the ordinary course of law. State, ex rel. Huntington Ins. Agency,Inc. v. Duryee (1995), 73 Ohio St.3d 530, 533.
Absent extraordinary circumstances, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. Nolan v. Nolan (1984), 11 Ohio St.3d 1, syllabus; State exrel. TRW, Inc. v. Jaffe (1992), 78 Ohio App.3d 411, 415.
On remand, the trial court once more ruled that since the parties had initially agreed to a certain amount of support and the parties' incomes had not substantially changed since that agreed entry, it would not reexamine the issue of child support because, despite our mandate, it had no jurisdiction to do so. Relators then filed the instant action in mandamus to compel the trial court to re-examine the amount of child support.A court's discretion in awarding child support is limited by R.C. 3113.215, which is a comprehensive statute governing the method of calculating and awarding child support. Marker v. Grimm (1992),65 Ohio St.3d 139, 140-41. In Marker, the Ohio Supreme Court held that R.C. 3113.215's terms "are mandatory in nature and must be followed literally and technically in all material respects." Id. at paragraph two of the syllabus. One of R.C. 3113.215's terms mandates that courts use a child support computation worksheet "identical in content and form to the R.C. 3113.215(E) or (F) model worksheet." Id. at 142. Thus, a child support computation worksheet must be completed and made part of the record. Id. at paragraph one of the syllabus.
R.C. 3113.215(B)(6) governs the calculation of child support when there is a shared-parenting plan. Pauly v. Pauly (1997), 80 Ohio St.3d 386. Unlike the "traditional" arrangement, R.C. 3113.215(C), which negates the residential parent's obligation under the worksheet, does not apply to a shared parenting order. Id. In Weinberger v. Weinberger, (May 15, 1998), Hamilton App. No. C-970552, unreported, the court stated:
 "R.C. 3113.215(B)(6)(a) states that in cases where shared parenting is ordered, `the court shall order an amount of child support to be paid under the child-support order that is calculated in accordance with the' worksheet set forth in R.C. 3113.215(E). In light of the Ohio Supreme Court's holding in Pauly
that the exclusion of the residential parent's support from the child-support order pursuant to R.C. 3113.215(C) does not apply to shared-parenting arrangements, it follows that both parents in a shared-parenting arrangement should be ordered to pay support in accordance with the worksheet. * * * Both of their support obligations must be included in the order. Accord Beard v. Beard,(Sept. 25, 1998), Portage App. No. 97-P-0109, unreported; Luke v. Luke, (Feb. 20, 1998), Lake App. No. 97-L-044, unreported."
Thus, it follows from Pauly and R.C. 3113.215(B)(6)(a) that both parents under a shared parenting plan are required to pay child support as calculated in the child support worksheet. See Luke v. Luke, supra. As a practical matter, this rationale would suggest an "offset" of one obligation from the other, rather than two support orders. See, id. Although not expressly held by the Pauly court, we conclude that before a court reaches the issue of whether to deviate from the guidelines by giving a parent credit for time the child resides with that parent it must first offset each parent's child support obligation from the other's. See, id.
Thus, after the support orders are calculated, the trial court must then determine whether to deviate from the worksheet amount. R.C.3113.215(B)(6)(a) provides that the trial court has discretion to deviate from the worksheet amount if it "would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in [R.C.3113.215(B)(3)]." Pursuant to R.C. 3113.215(B)(6)(b)(i), "extraordinary circumstances of the parents" include "the amount of time that the children spend with each parent[.]" If the trial court decides to deviate from the worksheet amount, it must set forth findings of fact to support its decision. R.C. 3113.215(B)(6)(a); Marker v. Grimm (1992),65 Ohio St.3d 139, paragraph three of the syllabus. See, also, Congdonv. Congdon (Nov. 13, 1998), Hamilton App. No. C-971002, unreported. In this case, it is undisputed that the original, agreed upon decree issued in 1996 did not include the required child support calculation worksheets. Since no appeal was filed from that decision, we agree that relator has no right to have the initial order changed. However, under a shared-parenting plan, it is necessary to have child support worksheets for both parties placed in the record. The trial court is then required to offset those amounts against each parent's obligation and to place in the record the reason for any deviations from those worksheets. If, for example, a parent had agreed to less child support than was shown on a worksheet, a trial court would have been required to give reasons why such downward deviation was in the best interests of the children.
Since the child support worksheets and original reason for the apparent upward deviation were improperly omitted from the record, it is now up to the trial court to correct those mistakes for future determinations in this case. The trial court may not simply rely on the original "agreement of the parties," but must examine the required factors, including, but not limited to, the actual time spent by the children with the parties and, currently, the individual circumstances and financial needs of the parties.
We also note that the trial court in this case may have fundamentally misunderstood the directive of this court. We remanded the case for a determination of why a discrepancy existed between the previously ordered support amount from the original 1996 divorce decree and the amount calculated in 1998 using the child support worksheets. We agreed, upon reconsideration, that the parties' imputed incomes did not establish the requisite "changed circumstances." Nevertheless, we noted that, since the original worksheet was not in the record, we could not determine any issues regarding the propriety of the child support ordered. What we did not specifically state was that an error by the court in calculating child support, even if agreed to by the parties, might constitute changed circumstances which would permit the trial court to consider a modification.
Therefore, we conclude that relator has established the requirements for a writ of mandamus. Accordingly, we deny respondent's motion for summary judgment, and hereby grant relator's motion for summary judgment. The writ of mandamus is issued and respondent is ordered to comply with this court's order by conducting any necessary hearings for the purpose of calculating child support according to the guidelines through the completion of child support worksheets for both parties, to offset the lesser amount of child support against the greater amount, and to properly consider the factors in R.C. 3113.215(B)(6)(a) to determine whether any deviations from the resulting amounts are justified. Costs assessed to respondent.
 _____________________ SHERCK, J.
 Peter M. Handwork, J., Mark L. Pietrykowski, J., JUDGES CONCUR.
[1] Respondent's pleading is labeled "MOTION FOR SUMMARY JUDGMENT," but states that he is moving "this court to dismiss the alternative writ of mandamus issued by this court and deny Relator's request for issuance of permanent writ of mandamus." For the purposes of determination of the motion, we interpret the request as a motion for summary judgment.