DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, in which the trial court denied a motion to revive a $13,500 judgment filed by appellant, Four Development Company. On appeal, appellant sets forth the following as its sole assignment of error:
 {¶ 2} "Assignment of Error No. 1, The Trial Court committed error in not finding that the Appellee has failed to prosecute its claim following the Court of Appeals decision of September 11, 1992 and that based on the doctrine of laches, the trial court's decision denying Appellant's Motion was in error. Appellee cannot prevent Appellant from asserting a right to have its judgment revived because Appellee has not prosecuted its claim for over twelve (12) years."
 {¶ 3} In 1986, appellee, a physician incorporated as Thomas K. Dillon, M.D., Inc., and appellant, a partnership engaged in constructing and leasing commercial office space, entered into an agreement in which appellee agreed to lease a medical office in Toledo, Ohio, from appellant. On December 14, 1989, appellee filed a complaint in Lucas County Common Pleas Court, in which appellee alleged appellant: 1) overcharged appellee for utilities, in violation of the terms of the lease; and 2) fraudulently misrepresented in lease negotiations that utilities would be separately metered when, in fact, they were not. Appellant filed a counterclaim, in which it alleged appellee owed appellant $48,558 for customized improvements to the leased space.
 {¶ 4} A jury trial was held on appellee's claims and appellant's counterclaim.[1] The jury awarded appellee $25,000 in damages on his fraud claim and $60,000 on his breach of contract claim. The jury also awarded appellant $45,000 in damages on its counterclaim. Both parties appealed to this court.
 {¶ 5} On appeal, we upheld the $25,000 award to appellee for fraud; however, we found the $60,000 breach of contract award was not support by the evidence. See Dillon v. Four Development Co. (Sept. 11, 1992), 6th Dist. No. L-91-231 ("Dillon I"). In addition, we found the evidence at trial supported only a $38,500 award to appellant on the counterclaim, and entered judgment for appellant in that amount. Id. The case was remanded for a new trial on the sole issue of appellee's breach of contract damages. The record shows no trial was held on remand.
 {¶ 6} On October 11, 2001, appellant filed a motion to revive its $38,500 judgment. On November 14, 2001, the trial court granted the motion, which was later vacated by agreement of the parties. On May 30, 2002, appellant refiled its motion to revive the judgment, this time in the amount of $13,500, the difference between the $25,000 judgment on appellee's fraud claim and the $38,500 judgment on appellant's breach of contract claim. On July 1, 2002, appellee filed a memorandum in opposition, in which it argued appellant's motion should be denied because appellant never filed a certificate of judgment as required by R.C. 2329.07; appellant was not an "entity in good standing" when the motion was filed; and revivor of appellant's judgment is barred by laches.
 {¶ 7} On December 3, 2004, the trial court filed a judgment entry in which it recognized both the lengthy history of the parties' dispute, and the unresolved status of appellee's breach of contract claim. Thereafter, the trial court stated: "[a]fter careful consideration of the pleading and applicable case law, the Court finds the motion to order revivor of judgment should be denied." Appellant filed a timely notice of appeal.
 {¶ 8} Appellant asserts on appeal that the trial court erred by denying its motion for revivor. Appellee responds that the trial court's judgment is not final and appealable because it did not adjudicate all the claims or rights of all the parties and did not expressly determine there is "no just reason for delay." Appellee further responds that appellant's revivor action is barred by: 1) the doctrine of laches; 2) appellant's failure to file a certificate of judgment lien; and 3) the cancellation of appellant's partnership "charter" before the motion for revivor was filed.
 {¶ 9} We note at the outset that many of the issues raised in this appeal exist because of the trial court's utter disregard of its duty to obey our order on remand. See State ex rel. Smith v. O'Connor (1995),71 Ohio St.3d 660 ("Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has nodiscretion to disregard the mandate of a superior in a prior appeal in the same case." Id., at 662. Emphasis added.). This case has languished for over ten years, without either party being made whole. As a result, more issues have arisen, due to the amount of time that has passed since our decision in Dillon I. That being said, it is equally clear that the parties also bear responsibility for not pursuing their respective remedies in a more timely fashion. It is in this context that we will analyze the issues raised on appeal.
 {¶ 10} The first issue is whether the trial court's judgment is a final, appealable order. R.C. 2505.02(B)(1) defines a final, appealable order as "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment * * *." Pursuant to Civ. R. 54(B), when the trial court adjudicates fewer than all the rights or claims of the parties that are properly before it, the judgment is final only if the court states there is "no just reason for delay."
 {¶ 11} In this case, appellant's right to a $13,500 judgment against appellee[2] was established by this court in our September 11, 1992 decision. See Dillon I, supra. In that same decision, we remanded the case to the trial court for a new trial on the issue of appellee's breach of contract damages; however, appellee never sought to determine the amount of those damages. Accordingly, the only issue properly before the trial court in this case was whether appellant's $13,500 dormant judgment should be revived. The trial court's decision is, therefore, final and appealable, even though the trial court did not state there was "no just reason for delay." See General Accident Ins. Co. v. Insurance Co. of N.Am. (1989), 44 Ohio St.3d 17 (When all claims in an action have been adjudicated, "Civ. R. 54(B) language is not required to make the judgment final." Id., at 21.).
 {¶ 12} The next issue, whether or not appellant's motion is barred by laches, was argued by both parties on appeal. While understandable in the context of the delay that occurred in this case, this argument is misplaced.
 {¶ 13} Before the equitable doctrine of laches can be successfully invoked in a revivor action, "`it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim.'" Akron General Medical Ctr. v.Foutty (Feb. 14, 2001), 9th Dist. No. 20152, quoting Smith v. Smith
(1957), 107 Ohio App. 440, 443-444. (Emphasis added.).
 {¶ 14} A review of the record reveals no obvious explanation as to why appellant waited for over ten years to enforce the judgment in its favor. However, the record contains no evidence whatsoever that appellee's failure to ascertain the amount of his own damages was due to appellant's delay in enforcing its $13,500 judgment. Accordingly, we cannot sayappellant's delay is unexplainable, nor can we find that appellee has been materially prejudiced by such delay. The defense of laches is not available to appellee in this case.[3]
 {¶ 15} In his remaining arguments, appellee essentially asserts the judgment should not be revived because his breach of contract damages, if determined, would exceed $13,500; and appellant cannot revive its judgment because it failed to file a certificate of judgment lien, and its partnership "charter" was cancelled in 1992. These arguments are misplaced, for the following reasons.
 {¶ 16} Revivor of a dormant judgment is a statutory proceeding. R.C. 2329.07 provides that "a judgment becomes dormant when the creditor neither renews his certificate of judgment lien nor obtains execution of judgment within five years of the filing of the last certificate of judgment lien or execution, whichever occurred later." Geauga SavingsBank v. Nall (Sept. 30, 1999), 11th Dist. No. 98-G-2152. Pursuant to R.C. 2325.17, "[i]f sufficient cause is not shown to the contrary, the [dormant] judgment * * * shall stand revived * * *." (Emphasis added.).
 {¶ 17} Ohio courts have held that, in order to bar the revivor of a judgment, the debtor must show "the judgment has been paid, settled orbarred by the statute of limitations." Heselden Plumbing Co. v. Justice
(Mar. 13, 1986), 10th Dist. No. 85AP-733. (Emphasis added. Citation omitted.). The statutorily prescribed period for filing a revivor action is 21 years. R.C. 2325.18.
 {¶ 18} As set forth above, the amount of appellee's claim has never been determined. Accordingly, we cannot say that appellant's judgment would be offset by appellee's damages, let alone "paid or settled." In addition, it is undisputed that appellant's revivor action was initially filed in 1991, well within the 21 year statute of limitations.
 {¶ 19} Finally, we turn to appellee's assertions that the $13,500 judgment should not be revived because appellant is not "an entity in good standing" in Ohio, and a certificate of judgment was never filed. As to appellant's legal standing, the record shows appellant's original fictitious name filing as "Four Development Company" was cancelled in 1992; however, appellant reorganized as a limited liability company, "Four Development LLC," before the revivor action was filed. No evidence was presented to show appellant is not currently an entity in good standing in Ohio. See R.C. 1777.04; 1329.10 (Entities which are not in compliance with filing requirements may not maintain an action in Ohio; however, once the entity becomes compliant, it may commence or maintain any action on a contract or transaction that arose before compliance was achieved.). As to whether appellant was required to file a certificate of judgment lien, as set forth above, the filing of a certificate of judgment lien is only one of two events used to determine when a judgment becomes dormant; it is not a pre-requisite for the filing of a motion to revive a dormant judgment. See 2329.07, supra. Accordingly, appellee's arguments are not well-taken.
 {¶ 20} This court has considered the entire record that was before the trial court and, upon consideration thereof, finds the trial court erred by denying appellant's motion to revive its $13,500 judgment. Appellant's sole assignment of error is well-taken.
 {¶ 21} The judgment of the Lucas County Court of Common Pleas is hereby reversed, and this case is remanded to the trial court for further proceedings consistent with this decision and judgment entry. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J., concur.
[1] Appellant's complaint also included a request for declaratory judgment terminating appellee's lease, which the trial court denied. That judgment was not appealed.
[2] It is undisputed on appeal that appellee is entitled to a $25,000 set-off against appellant's original $38,000 judgment.
[3] We have not been asked in this appeal to determine whetherappellee's breach of contract claim is barred by laches.